JOSEPH D. ALLEN v. WYLLYS LYMAN, GEORGE P. MARSH, JOHN PECK and JOHN H. PECK.

*Jurisdiction. Sufficiency of declaration for recovery of interest. Application of payments on judgments to extinguish interest. Variance.*

The county court has jurisdiction in an action of debt in which the declaration demands $150. as due and owing to the plaintiff, and alledges the recovery of a judgment for $3188.94 in September, 1851. of which, said sum of $150 is parcel, and that said judgment is in no wise satisfied except by the payment of $2500, on 15th December, 1851, and of $635.92 on 23d February, 1852. By a fair construction of such a declaration, and by computation it sufficiently appears that the sum due is over $100.

The usual *ad damnum* clause is a declaration in debt on a judgment is a sufficient allegation of damages to entitle the plaintiff to recover interest.

Payments on a judgment should first be applied to extinguish the interest accrued on the judgment, at the time of payment.

There is no variance between the allegation in a declaration that the plaintiff, who sues only in his individual or personal capacity, recovered a judgment, &c., and the proof which shows that the judgment was recovered by him in a representative capacity as administrator.

A mere defect of allegation will not occasion a variance, unless the part omitted is a qualification of the averment made, or where the particular omitted is essential to the plaintiff's cause of action.

DEBT. By the writ and declaration the defendants were summoned " to answer unto Joseph D. Allen, of said Burlington, in a " plea that defendants render to plaintiff the sum of one hundred " and fifty dollars which the defendants owe to and unjustly detain " from the plaintiff, for that whereas the plaintiffs, heretofore, to " wit, at the term of the Chittenden county court, begun and held " on the 3d Tuesday of September, A. D. 1851, by the consideration " and judgment of said court, recovered against defendants for the " sum of three thousand one hundred eighty-eight dollars and ninety- "four cents, of which the sum above demanded is parcel, which in " and by said court were then and there adjudged to the plaintiff " for his damages, which he had sustained, as well by reason of the " nonperformance by defendants, of certain promises and under- " takings, as for his costs and charges, by him, about his suit, in " that behalf expended, whereof defendents were convicted, as by " the record therof, now remaining in said court, appears ; which " said judgment is in full force, no wise reversed, or otherwise

" vacated, and in no wise satisfied, other than by the payment of
" twenty-five hundred dollars, on the 15th day of December, A. D.
" 1851, and the payment also of six hundred thirty-five dollars and
" ninety-two cents on the 23d day of February, A. D. 1852.
" Whereby an action hath accrued to the plaintiff to demand and
" have of the defendants the sum remaining due on said judgment;
" yet defendants thought often requested, &c."

Plea, *nul tiel record* and payment; trial by the court, March
Term, 1854,—Peck, J., presiding.

The plaintiff offered in evidence the record of the recovery of a
judgment in his favor as administrator of George E. Harrington,
of the same description, in other respects, with the one described
in his declaration, which though objected to by the defendants, as
not supporting the declaration, or proving the recovery therein des-
cribed, on the ground that the declaration did not allege the recovery
to have been by the plaintiff as administrator of Harrington, was
admitted by the court. Upon the plea of payment it appeared that
the sums stated in the declaration were paid as therein mentioned.
The defendant Lyman filed a motion to dismiss for want of juris-
diction. This motion was overruled, and judgment rendered that
there is such a record as alleged in the declaration, and that the
judgment was not fully paid. Exceptions by the defendants.

*Geo. F. Edmunds*, for the defendants.

1. The motion to dismiss should have prevailed. The declara-
ration states that the judgment was vacated so far as the payment
of about $3135, and that an action hath accrued to demand and
have the sum remaining due on said judgment; and because the
defendants have not paid that, it is to his damage, &c. The sum
remaining due is the balance of the face of the judgment, and the
damages claimed are for the detention of that balance and not for
the detention of the whole judgment. Therefore as the declara-
tion is drawn, the interest due or damages, applies only to the
balance of about $50 unpaid on the judgment, and the total of
both is less than $100.

2. There was a variance between the description of the judg-
ment declared on and the record offered to support it. The allega-
tion is that the plaintiff simply as an individual recovered a

judgment,—and this, or an allegation that he recovered in a representative capacity as administrator, is a descriptive one, and as such must be proved precisely as laid. *Adams* v. *Campbell*, 4 Vt. 447. *Boyden* v. *Hastings*, 17 Pick. 200. *DeKentland* v. *Somers*, 2 Root 437. *Edwards* v. *Lucas*, 5 B. & C. 339 (11 C. L. R. 250.) *Baynes* v. *Forrest*, 2 Strange. 892. 1 Phil. Ev. 212.

*W. W. Peck* and *E. Harvey* for the plaintiffs.

1. When the suit was brought the balance due exceeded $100.

2. The judgment declared upon and that proved were identical in their legal effect. *Crawford* v. *Whittal*, Doug. 4, n. 1. *Bonafous* v. *Walker*, 2 Term. 126. *Smith* v. *Barrow*, 2 Levinz 477. *Cape* v. *Sawyer*, Hobart 38. *Talmage, admr.* v. *Chapel et al.* 16 Mass. 71. *Biddle* v. *Wilkins*, 1 Peters 686. *Mowry* v. *Adams*, 14 Mass. 329. *Carlisle* v. *Burley*, 3 Green. 250. *Trask* v. *Donoghue*, 1 Aik. 370.

That the judgment was recovered by plaintiff as administrator did not require an averment to avoid a variance. It was merely an explanation of the origin of the judgment, an additional but not conflicting particular of description. 1 Chit. Pl. 371. 1 Pet. 692. 1 Green. Ev. § 67. *Allen* v. *Goff*, 13 Vt. 148.

The opinion of the court was delivered by

REDFIELD, Ch. J. I. In regard to the question of jurisdiction, we do not see how, by any fair construction of the declaration, it can be said to appear, that the sum claimed to be due is less than $100. The judgment is alleged to have been rendered for $3188.94, September term, 1851, and that there were payments of $2500, December 15th, 1851, and $635.92, February 23d, 1852, with the distinct allegation, that defendants owe plaintiff $150 and unjustly detain the same from him, and that an action hath accrued to plaintiff, to recover the balance due on said judgment, which by computation is obviously more than $100. The *ad damnum* is a sufficient allegation of damage, to entitle plaintiff to interest, which we presume the writ contains, although not copied. Indeed, the payments should strictly, first be applied, to extinguish the interest, already accrued, at the time of the several payments, and that will leave due of the debt, on the strictest construction of the declaration, more than $100, at the date of the last payment.

And we have no doubt the general allegation in the *ad damnum* of the writ is sufficient to entitle plaintiff to recover interest, after the payments.

II. The question of variance is new, and has certainly been argued with a good degree of plausibility, and is supported by some of the cases cited. But a majority of the court do not regard it as amounting to any variance, according to the general law upon that subject.

1. It is conceded, as it must be, that the judgment created a debt to the plaintiff in his private capacity, upon which he might sue, if he had ceased to be administrator, or upon which his executor or administrator might sue. This judgment then became a debt, due and owing from defendants to plaintiff.

2. In declaring upon it, the plaintiff may describe it with more or less particularity. For instance he might state the original cause of action, as was attempted in *Edwards* v. *Lucas*, 5 B. & C. 339. (11 E. Com. Law 250.) and in *Baynes* v. *Forrest*, 2 Strange, 892. And if this is attempted it must be done truly, as is held in both these cases. But we suppose no lawyer would be prepared to argue that it was necessary to allege the cause of action, upon which a judgment was rendered. If the judgment had been upon a promisory note the plaintiff might even go to the particularity of describing the date and amount of the note, but he need not do it. But if the note be recited in the judgment as it may be, and he attempts to describe it and fails, the variance is fatal. There is no end to illustrations of this rule.

If a promisory note be described as payable to the plaintiff or order, and on production, the words, or order, do not appear in the note, the variance is fatal, but if it be described as a promise to pay plaintiff, there is no variance, although it contain the words, or order, 1 Smith's L. C. 642 & note. So too, if the pleader describe a note, as expressed to be for value received, or as bearing a particular date, and the note on production does not contain these words or the date, the variance is fatal. This is the effect of the case of *Saxton* v. *Johnson*, 10 Johns. 418, and is no doubt sound law. But the case of *Rossiter* v. *Marsh*, 4 Conn. 196, which holds that if this allegation be omitted in the declaration, and the note on production, contain them, it is fatal, is certainly

opposed to the general current of decisions upon the subject, and is not based upon any sound principle of reason, as it seems to me.

This distinction between a substantial and a descriptive averment, and between the redundancy of description, and of proof has always been maintained, or been attempted to be, since the decision in *Bristow* v. *Wright*, Doug. 665; and applies with great force to the present case. The plaintiff might here have described himself, in his writ, as administrator, or have averred in the declaration, that he recovered the judgment in that capacity, or he might altogether omit these averments, as the capacity in which the judgment was recovered, no more entered into the qualities, or the necessary description of the substance of the judgment, than did the original cause of action, both which might be omitted, but if alledged must be done truly. As was said by Ld. MANSFIELD, in *Bristow* v. *Wright*, " He need not set forth the material parts, in words and letters." " It will be sufficient to state the substance and legal effect." It certainly was not necessary to state this part of the case. " But since it has been alleged, it was necessary to prove it."

The English statutes requiring the courts now to allow amendments of all variances, "not material to the merits of the case," in any stage of the trial, very few decisions have been made there since the case of *Bristow* v. *Wright*, except as to what amendments are material to the merits of the case; and we certainly do not feel called upon to go beyond the rule laid down in *Bristow* v. *Wright*, which has been very seriously questioned, in England, and which led to the English statutes, which have pretty much done away with questions of variance there, the counsel not choosing to litigate such matters, as may be evaded, at slight expense. And unless we do go beyond the case of *Bristow* v. *Wright*, we could not regard this defect of allegation, as any variance.

A defect of allegation is never a variance, unless the part omitted is a qualification of the averment made, as where a contract is in the alternative, and is alleged, as absolute, or where the particular omitted is essential to the plaintiff's cause of action. It is admitted not to be essential to the plaintiff's cause of action, that he should sue as administrator in this case. And I do not understand that it is claimed, that the judgment creates any different obliga-

tion, because it was a recovery in a suit brought as administrator. The judgment has merged all these distinctions of the original cause, or causes of action. They are gone, as effectually as if they never existed, so far as the legal effect of the judgment is concerned; and that is all which the plaintiff attempts to set forth. That he has set forth truly. The complaint is that he has failed to set forth a descriptive portion of the judgment, which the clerk introduced into the record unnecessarily, and which has no legal effect. We think it unimportant.

In New York, without any statute, except as to writings and records, in describing parol or oral contracts, it was holden long ago that no variance is to be regarded as fatal, unless it is calculated to mislead the defendant, and their courts have in terms overruled the principle laid down in *Bristow* v. *Wright*, as being too stringent. *Boston Timber Co.* v. *Persons et al.*, 2 Hill, 126.

The case from Massachusetts and that from Connecticut, where it was held a variance not to allege, that the judgment was recovered, while the party was called "Jr," is strangely nice, but not more so than some of the English cases, in regard to deeds, and which they are attempted to be based upon. These cases in regard to "Jr." were virtually overruled, certainly, by this court, more than twenty years ago, in *Brainard* v. *Stilphin, Jr.*, 6 Vt 9 ; where Mattocks, J., makes some sensible criticisms, and where it was held that the court, on inspection, would take notice that Cornelius Stilphin, in the body of a warrant, is the identical person with Cornelius Stilphin, Jr., who signs the same, as captain, the amercement by Stilphin, and issuing the warrant by Stilphin, Jr., being at the same place, and within a few days of each other, thus rendering the presumption of identity, more difficult. On any fair construction of these cases, if the party had, in the record been described, as residing in a different town from that set forth in the writ, it would require an averment of identity, or of removal, which would be far more nice, than the rules of construction, as to pleas in abatement, or any class of pleas, least favored by courts. I am always content to resort to my Lord Coke's astuteness, to preserve, but not so, for purposes of destruction.

In *King* v. *Pippett*, 1 Term. 240, it is said to have been decided, that in an indictment for perjury, committed in swearing in a chan-

cery suit, where the indictment stated the bill to have been addressed to "Robert, Lord Henley," and the record showed a bill addressed to "Sir Robert Henley, Kt.," it was no variance; but clearly that was ten times more a variance than any thing in this case. It seems to me that was a variance.

Upon the principle claimed, in *Rossiter* v. *Marsh*, a promisory note whose date was not set forth, if it contained one, could not be given in evidence, on the ground of variance, and by parity of reasoning, no recovery could be had upon it, under the general counts. It is scarcely possible, in my judgment, to conceive a more absurd decision in regard to the law of variance. It is, if possible more strange and unaccountable, than those in regard to "Jr." The English reports, seldom, if ever, contain any such absurd decisions. But I recollect one, recently made there, in regard to setting forth the name of the party, by initial letters, and another where Arabic numerals were used in a declaration, in both of which cases, the declaration was held fatally defective. A similar decision was made in this state in regard to the $ in pleading, but that rule does not extend to contracts. There is no end to absurd refinements, if one is in the mood.

Judgment affirmed.