Hill *v.* Smith & Carpenter.

---

## HIRAM HILL *v.* SMITH & CARPENTER.

*Contract. Construction. New Counts. Payment of Money into Court. Costs.*

New counts may be filed for the same cause of action.

Where the contract set forth in the new counts was the same as that described in the original declaration, with the exception that the new counts alleged an enlargement of the time for performance, it was *held*, that the new counts were for the same cause of action, in the sense of the rule applicable to pleading, and the allowance of amendments.

Hill *v.* Smith & Carpenter.

All that is required is, that the new counts be founded *in fact* upon the same debt, demand or claim which the plaintiff seeks to recover by his original declaration.

An agreement to enlarge the time stipulated for the performance of a contract requires no new extraneous consideration to support it; the plaintiff's promise to accept performance within the enlarged time being a sufficient consideration to support the defendant's promise to perform within such enlarged time.

And where a recovery is had upon the new counts alone, the rule of damages will be, the market price of the commodity at the time of the refusal to deliver it, under the terms of the new stipulation enlarging the time for performance, and not the market price at the time it was to have been delivered by the terms of the contract as set forth in the original declaration.

In this case, the defendants, before the new counts, upon which alone the plaintiff recovered, were filed, paid into court a sum of money sufficient to satisfy all the damages the plaintiff could have recovered under the original declaration, and costs to the time of such payment, and the plaintiff took the same; it was *held,* that in the absence of proof that the plaintiff took the money in satisfaction of his claim, he was not thereby precluded from filing new counts, and recovering an additional sum thereon.

ASSUMPSIT. There had been a recovery in this case upon a former trial of the cause in the county court, and the judgment was reversed by the supreme court, on the defendants' exceptions. The case having been remanded to the county court, the plaintiff, by leave of court, filed new counts. The defendants moved the court to dismiss the new counts, as being for a different cause of action from that contained in the original declaration. The court overruled the motion, to which the defendants excepted. Plea, the general issue, with notice of special matter, and trial by jury, June term, 1861, POLAND, Ch. J., presiding.

On trial, the plaintiff offered and read in evidence a contract in writing, signed by the defendants, dated December 9th, 1856, by which the defendants contracted to deliver to the plaintiff two thousand bushels of oats, in the month of January following, at at the price of two shillings per bushel ; on the back of which contract was a receipt in full by the defendants for the price of the oats, dated December 12th, 1856. At the time of making the contract the plaintiff was the owner of a line of stages, and had a large number of horses, and purchased the oats to supply

his teams the ensuing season, and this was known to the defendants.

The plaintiff then introduced evidence tending to prove that early in January he commenced drawing oats from the store of the defendants, and so continued until all the oats the defendants then had on hand were delivered, which was about one-half the quantity purchased ; that in the latter part of the month of January the plaintiff informed Mr. Smith, one of the defendants, that he was afarid the defendants would not deliver the oats as agreed ; that Smith replied, they might not be able to deliver them all in January, but that the plaintiff should have the oats as fast as he would want them to feed to his teams ; and that the plaintiff replied to Smith, that if he could have the oats as fast as he wanted them to feed to his teams, it would be all right ; that the plaintiff's teams continued to draw oats from the store of the defendants, from time to time, until early in July following, when the plaintiff was informed by the defendants that they should not deliver any more. The whole quantity of oats delivered upon the contract was fifteen hundred and thirty-seven bushels and eight pounds. Soon after this refusal to deliver the remainder of the oats, the defendant, Carpenter, offered to pay back to the plaintiff the money he had paid to the defendants for the balance of the oats due on the contract, which the plaintiff declined to take, for the reason that oats were then worth seventy-five cents per bushel. The evidence tended to prove that the price of oats through the winter remained about the same as the contract price ; that it advanced in the spring somewhat ; and that in the summer oats became very scarce, and could not be purchased in any very considerable quantities, and were sold at from fifty to seventy-five cents per bushel. The plaintiff's evidence also tended to prove that he was unable to purchase oats, at any price, for his teams, as he wanted them, after the refusal of the defendants to perform their contract, and was obliged to buy corn, which was a more expensive and less suitable feed for his horses.

The defendants offered to prove that at the time when the contract was made, the plaintiff told the defendants that the two thousand bushels of oats was all he wanted, and if they would contract to furnish them he would buy no more himself, and they

should have the whole ground ; and also that after the contract was made the plaintiff bought in the vicinity of the defendants five hundred bushels of oats, and that thereby the defendants were prevented from purchasing sufficient oats to fulfill their contract with the plaintiff.

To this evidence the plaintiff objected, but the court decided that if they proved the whole, it was admissible. The defendants did prove that when said contract was made, plaintiff told them that the two thousand bushels would be all he should want, and he should buy no more oats, and they would have the whole ground. The defendants also proved that a few days before the contract was made, the plaintiff had employed Lucius Robinson, of Derby, (about twelve miles from the defendants,) to buy for him five hundred bushels of oats, and gave him the money to enable him to do so ; that about the first of January Robinson bought for the plaintiff three hundred bushels of oats of one Wells, and two hundred bushels of one Gile, of Coventry, some seven miles from the defendants' store. The defendants' evidence tended to prove that previous to said Robinson buying said oats of Wells and Gile, the defendants had had some negotiation with them to buy their oats, and had offered them two shillings per bushel of thirty pounds for them, which they declined to take. The defendants testified that they should have bought Gile's and Wells' oats if Robinson had not bought them for the plaintiff, provided they could not have purchased better elsewhere. But the defendants did not introduce any evidence tending to prove that they could not have purchased in the month of January oats sufficient to have fulfilled their contract with the plaintiff, of persons living as near to them, and who would sell as cheap as Gile's and Wells. All the evidence on both sides tended to prove that there was no advance on oats for a considerable period after January, and that there were plenty of them then to be sold.

The court, therefore, excluded all the evidence on this subject, from the consideration of the jury, to which decision of the court the defendants excepted.

It appeared that after this suit had been entered in court, the defendants paid into court the sum of two hundred dollars to

cover their admitted liability to refund the money received in payment for the oats not delivered, and the interest thereon, together with the costs of the plaintiff up to that time, and that the same was received by the plaintiff.

The court charged the jury that the plaintiff could not recover upon his original declaration, for the reason that it did not allege an extension of the time for the performance of the contract, and the breach thereof; that to entitle the plaintiff to recover under his new counts, he must establish that there was such an agreement between the parties to postpone the time of the delivery of the oats, as the plaintiff alleged, and that the defendants refused to deliver the balance of the oats due on the contract, according to such new or further agreement, and that the market value of oats was greater at the time of such refusal than the contract price, which had been paid into court by the defendants and accepted by the plaintiff; that if all these facts were found by them, the plaintiff would be entitled to recover the difference between the contract price and the fair market value of the oats at the time of the refusal by the defendants to deliver them. To the charge as given, the defendants excepted. The jury returned a verdict for the plaintiff upon his new counts for the sum of seventy-nine dollars and seventy-five cents.

The defendants claimed they were entitled to have deducted from such costs as the plaintiff was entitled to recover under the rule for filing his new counts, the amount of costs which the defendants paid into court as above stated ; but the court held that the defendants were not entitled to such deduction, to which decision the defendants also excepted.

*Willard* and *Peck & Colby*, for the defendants.

*Stoddard & Clark*, for the plaintiff.

PECK, J. This is an action of assumpsit, counting specially on a contract for the delivery by defendants, at their store at Barton Landing, to the plaintiff, two thousand bushels of oats within a specified time, at thirty-six cents per bushel, to be paid for by a given time, in advance of the time of delivery ; alleging

the payment by the plaintiff according to the contract, and neglect and refusal by the defendants to deliver the oats.

The case was tried by jury, and the plaintiff recovered, but under the decision of the county court the recovery was only upon new counts filed by leave of court after the suit was entered.

The first question arises upon the defendants' exceptions to the decision of the county court in allowing the new counts to be filed under the general rule of court, and in overruling defendants' motion to dismiss them.

If the allowing the new counts to be filed came within the power of the court, this decision was matter of discretion, and cannot be reversed by this court on exceptions.

But it is claimed by the defendants' counsel that the new counts are not *for the same cause of action* as that set up in the original declaration. If this is so, in the sense in which that phrase is understood as applicable to allowing amendments, the decision was erroneous. As the exceptions to the decision overruling this motion and allowing the amendment, do not show what facts appeared on which that decision was based, the question is to be determined by a comparison of the new counts with the original declaration, and by a reference to the history of the proceedings in the cause and the facts developed at the jury trial, as set forth in the bill of exceptions, as has been done by the counsel on both sides in argument.

The counts in the original declaration state in substance that on the 9th day of December, 1856, the plaintiff bought of the defendants two thousand bushels of oats at thirty-six cents per bushel—good merchantable oats, to weigh thirty pounds to the bushel—and paid twenty-five dollars at the time of the contract, and the residue to be paid the next week, and in consideration thereof the defendants agreed to deliver the two thousand bushels of oats at the defendants' store at Barton Landing in the month of January then next; that the plaintiff paid the price according to the contract, and that during said month of January was ready and willing to remove the oats, and frequently in said month of January, and at the end of the said month, demanded them of the defendants, and that they, the defendants,

refused to deliver them. The second count is substantially the same, only it admits the delivery of fifteen hundred bushels of the oats. The new counts count upon the same contract, and contain substantially the same allegations, with this addition in substance, that about the 20th of January, the month in which the oats were to be delivered, the plaintiff, at the request of the defendants, agreed to accept the residue of the oats not already delivered, along from time to time as fast as he should want them for the use of his teams during the then next season, that is, the spring and summer of 1857, and in consideration thereof, and that he had paid the price, the defendants agreed so to deliver them, and alleging that the defendants did continue to deliver and he to receive oats from time to time till July, 1857, when there was still a portion of the two thousand bushels un-delivered, and alleging a demand to deliver the residue according to this stipulation. The proof in support of these new counts shows that the plaintiff made out his case, not by a new and independent contract for another two thousand bushels of oats, but by proof of the same original contract described in the original counts, and which was in writing, together with proof of the agreement to enlarge the time of delivery, which was verbal, and a refusal to deliver within the enlarged time.

In determining these questions of amendment the court are not confined to a mere inspection of the old and new counts to see whether the causes of action are the same in the sense of the rule applicable to pleading and evidence, that is, whether the evidence that would support the one would support the other, and to the full extent—but look, also, into evidence outside the pleadings, and enquire whether the new or amended count is founded in fact on the same debt, demand or claim which the party sought to recover by his original declaration. An action is brought on a promissory note, payable on time with interest, and the attorney who makes the writ, with the note before him, omits to state in the declaration that the note is on interest—the note is offered in evidence and rejected on the ground that it does not appear on comparison of the note and declaration to be the same note or cause of action described in the declaration—the court may very properly say the two causes of action are

.not the same, because in determining the question on trial the court cannot look beyond the note and declaration to determine the legal identity. But on application to amend so as to make the declaration conform to the note, the court are not tied down to an inspection of the note and declaration ; they go into extraneous proof, and if they find it is in fact the same note on which the plaintiff brought his action, that is, the same cause of action *in fact,* they may treat it as a misdescription of the note and allow an amendment according to the truth, so that the note or cause of action offered in proof, and which is in *fact* the one sued upon, may appear so by the declaration, and thus make apparent on the record the same legal identity between the cause of action offered in evidence and that described in the pleading, that exists in point of fact. The contract upon which the plaintiff recovered upon the new counts is the same as that described in the original counts, except the original counts take no notice of the enlargement of the time ; the price or consideration is the same, the oats to be delivered the same in quantity, quality and weight, and not only that, but it is not another or additional two thousand bushels, but the same. This contract is also proved by the same original instrument of evidence, except the oral proof as to the enlargement of the time of delivery.

We think the simple enlargement of the time of delivery, and the omission to aver this in the original declaration, does not show as matter of law that the causes of action in the two sets of counts are so different as to put it beyond the power of the county court to allow the amendment, but that they must be regarded as the same. Had the parties, when they made the agreement to enlarge the time, taken the written contract and inserted this stipulation in writing instead of letting it rest in parol, and the attorney who made the writ had accidentally omitted it in the declaration, could it be doubted that the amendment would be allowed? It is difficult to see how the case as presented is any more favorable for defendant than the case supposed.

But it is said that as the market price of oats rose between January and the time of the refusal to deliver under the enlarged time, it gives the plaintiff greater damages than he could have

recovered without the amendment.  It is no objection that an amendment may allow a plaintiff to recover more than he could without it.  Every amendment in a matter of substance presup-poses an existing defect, and one which, if not cured by amend-ment, will prevent the plaintiff from recovering some portion or all of his claim, else it would never be asked for, nor would it help the party if granted.  Such is the case of the misdescription of the note as to interest already supposed.  And again, if necessary in order to sustain the ruling below, this court must presume that when the action was brought the plaintiff supposed he had a right, and expected and intended under the original declaration, to recover the same damages he now seeks to recover under the new counts, and to the same extent.  And this is the more probable as it appears he did claim so on trial before the new counts were filed, and so plausible was the reason in favor of such right, that the county court so decided, but which decision was reversed by the supreme court, as appears from this case as reported in 32 Vt. 433.

2.  The defendants next claim that certain evidence introduced by the defendants under objection on the part of the plaintiff, and ultimately excluded from the jury, ought to have been sub-mitted to them.

It is doubtful whether the evidence that when the contract was made plaintiff told defendants that the two thousand bushels would be all he should want, and he should buy no more oats, and that they would have the whole ground, is enough to war-rant the jury in finding an agreement to that effect as a part of the consideration of the written contract made at the time ; but however this may be, it is clear from the proof on this point that defendants suffered no damage from the plaintiff's agent, under instructions from plaintiff, given a few days before this contract was made, buying the five hundred bushels seven miles from the defendant's store a few days after the date of this contract ;— this evidence was properly excluded.

3.  The defendants claim that the plaintiff cannot recover on the new counts which allege an agreement to enlarge the time for the delivery.  The first reason assigned is that at most the evidence only tends to show a waiver as to time.

The exceptions state that some time in the latter part of January the plaintiff and defendant Smith had an interview, when plaintiff told Smith he was afraid defendants would not get the oats. Smith replied that they might not get them all in January, but that it was all right, and that plaintiff should have the oats as fast as he wanted them to feed to his teams. Plaintiff replied that if he could have them as fast as he wanted them to feed to his teams it would be all right ; that plaintiff's teams continued to draw oats from defendants' store, from time to time, up to the fore part of July, when plaintiff sent his team for a load of oats and got but twelve bushels, and was informed by defendants that they should deliver no more. This evidence, in connection with the further evidence stated in the exceptions tending to prove plaintiff relied on getting these oats to feed his stage teams until defendants' refusal in July to deliver more, is evidence of an agreement for the enlargement of the time of delivery. The fact that both parties acted upon it tends to show they so understood it, and binds the parties.

It is objected that the agreement to extend the time of delivery is without consideration. The *status* of the parties in reference to the then existing contract was such that no new extraneous consideration was necessary if the new stipulation was acted upon. The original contract was then in force, no breach had been committed by either party, the plaintiff had paid the entire price of the oats, and had a right to insist on the delivery of the entire quantity of oats within the month of January, the agreement by plaintiff, to extend the time and accept a delivery at a subsequent period, and defendant on the faith of it omitting to deliver in January, is of itself a relinquishment of his, the plaintiff's, right to require a delivery in January, and the relinquishment of this right is a valuable and valid consideration for defendants' promise ; or, to state it in another form, the plaintiff's promise to accept a delivery within the enlarged time, relied upon by the defendant until the original time expired, is a good consideration for defendants' promise to deliver within the enlarged time. It is a case of mutual promises, where the promise of each is the consideration of the promise of the other, and makes both legally binding. This objection must therefore

fail—the defendants, on the faith of this agreement, having suffered the time to expire for the delivery under the original agreement, and delivering from time to time afterwards within the enlarged time, is a good consideration to bind the plaintiff.

No time need be spent in considering what would be the effect of a mere waiver on the part of the plaintiff, as the jury under the charge must have found an agreement to postpone the time of delivery, the court having told the jury that unless they found such agreement between the parties, the plaintiff could not recover.

The next reason urged why the plaintiff cannot recover on the new counts is, that where, after a contract is entered into and before breach, the plaintiff agrees on a different performance by the defendant, and the defendant fails to perform either the original or substituted agreement, the plaintiff may maintain an action on the original contract, and the defendants cite *Lawrence* v. *Dole*, 11 Vt. 549 ; and *Cummings* v. *Smith, Arnold & Co.*, 3 Met. 486. Neither of these cases involve that question—nor is the point raised or decided in either of the cases cited by the court in *Lawrence* v. *Dole ;* there may be cases, however, where the plaintiff has that right. It is argued by counsel, that as the plaintiff may sue on the original contract, he therefore must sue on it, and cannot sustain an action on the substituted contract. But this does not follow. If the modification amounts only to a waiver on the part of the plaintiff, merely giving the defendant the privilege to comply either with the original or the substituted agreement, it may be so, as the plaintiff has no other binding agreement on which to predicate an action. But if the cases go so far as to allow the plaintiff to sue on the original contract when the defendants promise has been altered by a new stipulation, it does not bar the plaintiff from suing, if he so elects, on the contract as modified if he deems it for his interest to do so. The reason on which the cases are founded which allow the plaintiff to sue on the original contract in such cases is, that the court will not allow a defendant who has not performed the original contract, and has contracted for a substituted performance and neglected to perform that, to set up the substituted agreement, unless he alleges he has performed it, as a

defence against the party who has fully performed on his part. It is a privilege accorded to the party not in fault, and therefore should not be used to his prejudice. Where the reason of the rule ceases the rule ceases. Where there is a substituted performance on the part of the plaintiff agreed upon by such subsequent modification of the contract, and although he has complied with the original contract the plaintiff fails to perform the substituted agreement, he cannot recover : as is shown in the case of *Cummings* v. *Arnold,* 3 Met. 486, cited by the defendants' counsel. This shows that such new stipulation is binding and may be enforced against the party in fault in not performing it. If the plaintiff is bound to perform the substituted agreement on his part or lose all remedy on the contract, it would seem he ought to have the right to enforce such substituted agreement against the defendants when the modification of the contract is in the defendants' undertaking.

It is laid down as a well established principle by Lord Denman in *Goss* v. *Lord Nugent,* 5 Barn. & Ad. 65, that, " after the agreement has been reduced to writing, it is competent for the parties at any time before breach of it, by a new contract not in writing, either altogether to waive, dissolve, or annul the former agreement, or in·any manner to add to, or subtract from, or vary or qualify the terms of it, and thus to make a new contract ; which is to be formed, partly by the written agreement, and partly by the subsequent verbal terms engrafted upon what will be thus left of the written agreement." Thus clearly recognising the principle that in such case there is but one agreement left, and that is the agreement as modified by the subsequent verbal stipulations,—and this seems to be the most sensible doctrine—and if so, the plaintiff can clearly maintain an action for a breach of it. Suppose there had been by the new stipulation an increase of the quantity of oats, or variation in the price, as well as an enlargement of the time, it is difficult to see how the plaintiff could have had any remedy by action based entirely on the original contract, much less a remedy adequate to or commensurate with his real damages.

Cases are cited showing that where a party brings an action of covenant or debt on bond, or founded on a contract under

Hill *v*. Smith & Carpenter.

seal, alleging an enlargement of the time, or other. modification by parol and a performance by the plaintiff answering to the contract as thus modified, the action cannot be maintained. Such is the case of *Little* v. *Holland, Brown* v. *Goodman*, 3 Tenn. 590, and *Porter* v. *Stewart*, 2 Aik. 427 ; these cases turn on the form of action, as covenant or an action counting on a sealed instrument will not lie where the contract is partly in parol.

But it is said the court erred in the rule of damages, allowing the plaintiff to recover the market price in July, when the defendants refused to deliver the oats ; the defendants claim it should have been the market price in January, when the oats by the original contract were to be delivered.    This is a material question, as it appears that the market price at the time the original contract was made was about the same as the contract price, and remained so till after January, and then gradually rose so that in July, at the time of the breach, the market price was fifty cents, and later in the season rose to seventy-five cents , and that the plaintiff was unable to buy oats and obliged to buy corn for his teams, a more expensive and less suitable feed.    The rule the court adopted is the general rule, and we see no reason either technical or substantial why it is not applicable to this case—the rule laid down gives to the plaintiff only such damages as he suffered, whereas the other rule, having reference to the price in January, would deprive him of almost, if not quite, the whole damages he sustained.    Had the defendants refused in January to deliver the oats and there had been no enlargement of the time, the plaintiff could have supplied himself at the then market price which was the same as he had paid the defendants ; but relying, as the case shows, on the defendants' delivering them along in the summer following, was, after the defendants' refusal, obliged to buy at a much higher rate.    The defendants, by agreeing on a future substituted time of delivery, took upon themselves the chance of gain and risk of loss dependent on the rise or fall of price. Had oats fallen in price they would have gained by the enlargement of the time, and they should bear the burden of the loss by the rise.    Had oats in January risen to fifty cents a bushel, and in July fallen to twenty-five cents, so that at the time of the breach of the contrac the plaintiff could have supplied the deficiency by

purchase elsewhere at twenty-five cents, could the plaintiff recover the high market price in January, damages which it was the very object of the defendants, to avoid in agreeing to the enlarged time, and damages which the plaintiff never suffered. We think therefore, the plaintiff had a right, if nothing had transpired save the defendants' breach of the contract to bar him, to recover on the modified contract set out in the new counts and under the rule of damages adopted by the county court.

But it is claimed that the payment of the money into court sufficient to satisfy all the damages the plaintiff could have recovered on the original counts and costs to that time, and the receipt of it by the plaintiff, before the new counts were filed, is a bar to the action, and the plaintiff cannot afterwards so amend his declaration as to enlarge his right of recovery under a new rule of damages and recover such excess.

Enough has been said on the subject of the right to file the new counts and to maintain an action on the contract as modified, to show that on this point we agree with the defendants' counsel, that in whatever form the plaintiff's rights may be sought to be enforced, whether on the original or modified agreement, it is but one entire indivisible cause of action ;—hence if the plaintiff has accepted and received a sum of money in full satisfaction of this cause of action, whether on the basis of the original or substituted contract, it is a bar to any further claim in either form.  But unless there is something to distinguish the case from ordinary cases of money paid into court, it is not a satisfaction unless it is equal in amount to what the plaintiff ultimately shows himself entitled to, or he has accepted and received it as full satisfaction.  Had the plaintiff taken the money out of court and discontinued his action, it would be *prima facie* an acceptance in full satisfaction, but he has not done that, he receives it and still prosecutes his suit.  But it is claimed that as the money was paid into court by the defendants and received by the plaintiff while the case stood only on the original counts, and was in amount equal to what the plaintiff could by law have recovered on those counts, that it is a satisfaction of the damages on the original contract on which the declaration then counted and hence must be deemed a full satisfaction of the entire claim.  Such

Hill *v*. Smith & Carpenter.

must be the effect if it is to be regarded as a satisfaction of the original contract, as there is but one entire cause of action. But we think it cannot be so regarded. When a defendant pays money into court it is paid in the cause and applicable to the real substantial cause of action for the recovery of which the suit is brought, and the defendant must pay enough not merely to meet the damages that the plaintiff may by law recover under the declaration as then framed ; he must pay sufficient to meet any damages the plaintiff may recover under any amendment the plaintiff may legally make, and if the declaration is subsequently amended so as to entitle him to a larger sum than he could recover on his original declaration, the defendant may protect himself by paying in a further sum or risk the event on what he has already paid. He cannot, by paying money into court deprive the plaintiff of his right so to amend his declaration as to embrace his whole claim for the same substantial cause of action.

It is claimed there was error in the taxation of costs. The defendants when they paid the money into court, paid as costs sufficient to pay the costs that had accrued up to that time on the part of the plaintiff. The new counts were filed under a general order of court, that the plaintiff if he recovered only on the new counts should recover no costs up to the time of filing the new counts and the defendants' costs to that time to be deducted therefrom—plaintiff recovered only on the new counts. The defendants claimed that if they had not paid the costs accruing up to the time of paying the money into court, which was before the new counts were filed and the rule made on the plaintiffs as to costs, the plaintiff could not have recovered these costs in the ultimate taxation, and that therefore, those costs ought to be deducted from the plaintiff's costs as taxed under the rule, or in effect paid back. This would be so if the items which the defendants paid were included in the plaintiff's ultimate taxation, as the plaintiff should not be twice paid for the same items, but such does not appear to be the fact. The taxation is therefore legal. If there are any circumstances which make it so far equitable as to justify the county court in making such deduction it was to that extent a matter of discretion and cannot be revised by this court.

Judgment affirmed.