HON. JAMES BARRETT,
HON. HOYT H. WHEELER, } ASSISTANT JUDGES.
HON. H. HENRY POWERS,

---

### CARTER, RICE & Co. v. HOSFORD.

#### *Amendment.*

A declaration in the common counts in assumpsit, counting upon a *several* promise, may be amended by counts declaring upon a *joint* promise, and suggesting that the other joint promisors reside out of the state.

GENERAL ASSUMPSIT. The suit was originally brought without naming the defendant as partner or joint promisor. Plaintiffs obtained leave to file new counts, and filed the common counts in assumpsit, declaring against defendant, who lived in Brattleboro, as joint promisor with Frank Bartlett and J. W. Hosford, who were set up as of Boston. Defendant moved to dismiss the new counts, for that they were for a different cause of action. The court, at the September Term, 1875, Ross, J., presiding, over-

ruled the motion, *pro forma ;* to which defendant excepted. Defendant then pleaded the general issue and gave notice of special matter in defence, and a trial by the court was had at the same term. Plaintiffs claimed to recover the amount of a note for $500, and for goods sold and delivered. Upon trial it appeared that said Bartlett and J. W. Hosford were partners in the business of job printing in Boston, and were indebted to plaintiffs for stock purchased of them, for which said note was given, signed by them, and indorsed by defendant at the time it was given ; that in connection with the execution of said note, defendant told plaintiffs that he was the Hosford of the firm of Bartlett & Hosford, which plaintiffs believed, and thereafter sold and delivered stock to said firm, supposing defendant was a member thereof. Bartlett retired from the firm after a while, and the business was thereafter carried on by J. W. Hosford in the name of Hosford & Co., and goods sold by plaintiffs to that concern also, they supposing that defendant was a member thereof also. It was for the goods thus sold that plaintiffs sought to recover. Judgment for plaintiffs for the amount of said note and the balance due for said goods. Exceptions by defendant.

*Davenport & Eddy,* for defendant.

The motion to dismiss should have been sustained. The new counts introduced new parties, and a new cause of action. Such amendments transcend the power of the County Court. *Carpenter* v. *Gookin,* 2 Vt. 495. The cause of action declared upon in the original declaration was several ; that set forth in the new counts was joint. *Claremont Bank* v. *Wood,* 12 Vt. 252.

*E. W. Stoddard,* for plaintiffs.

The defendant was liable jointly, both upon the note and account, with Bartlett and J. W. Hosford, who resided in Boston. Section 74, c. 30, of the Gen. Sts., provides that " when any bond, recognizance, bill, note, or other contract, shall have been executed by two or more persons jointly, and one or more of them shall reside out of this state, an action may be brought and sustained thereon against the party residing in this state."

The motion to dismiss the additional counts was properly overruled. Gen. Sts. p. 267, s. 41; *Bowman* v. *Stowell*, 21 Vt. 309; *Homer, Bishop & Co.* v. *Locke*, 41 Vt. 11. They are like the original declaration, except they give the names of the joint promisors residing without the state. Gen. Sts. c. 30, s 75. They neither set forth a new cause of action, nor change the parties.

The opinion of the court was delivered by

BARRETT, J. The right to recover for the note of $500 on the original declaration is virtually conceded in this court. The amendment, therefore, is to be considered only with reference to the residue of the plaintiffs' claim. That amendment is to be considered in this regard only as it stands related to the right of the plaintiffs to maintain this action of assumpsit against the defendant severally, on the cause of action shown by the case. While the promise is joint by the three named in the amended count, still, each was under obligation to the plaintiffs for the whole claim. At common law, the objection to recovering in a suit against one alone, is purely technical, and can be asserted only by plea in abatement for the non-joinder of the other joint promisors. There was no such plea in this case. It may be questioned, therefore, whether there was any need of the amendment in order to entitle the plaintiffs to recover for their claim. However that may be, our statute, c. 30, s. 74, specially provides for such a case, to the intent that a suit may be maintained against such of joint contractors as reside within the state, where the others of them reside out of it. The purpose of the new count seems to be to show a case within that provision of the statute. It does not import a cause of action different from that for which the original declaration was in fact made; because, as before stated, under that declaration, without the help of the statute, the plaintiffs might have judgment for their claim in case they should not be obstructed by a plea in abatement for non-joinder. The amendment sets forth the joint promise, with the circumstantial incidents that entitle them to bring and maintain this suit against the defendant alone, without peril of obstruction by such plea in abatement. In doing this, no new parties to the suit are intro-

duced, nor is any new cause of action set forth. It is only being more specific in setting forth the cause that entitles the plaintiffs to maintain this suit against the defendant alone.

No other subject being brought in question in this court, the judgment is affirmed.