McDONALD & BUCHAN *vs.* HAMILTON WEBSTER'S ESTATE.

May Term, 1899.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, THOMPSON and WATSON, JJ.

Opinion filed July 19, 1899.

*Identity of Claim before Commissioners and in County Court—Evidence Tending to Support Finding.*—There was evidence tending to support

the finding of the jury that the claim on which recovery was sought in the county court, though larger in amount and different in designation, was the same in substance as the claim presented to the commissioners.

*Agent not a Party to Contract.*—An agent who makes a contract for and in the name of his principal is not a party to the contract.

*Misconduct of Counsel.*—A question or misstatement of counsel, misrepresenting what a witness had just said, was at once rebuked by the court and withdrawn by the counsel; and it is held that the error, if any, was thereby cured.

*Variance.*—There is no variance between the proof and the declaration, although the declaration alleges that the intestate was indebted to the plaintiffs for services performed for the defendant, for although the pleading is inartificial it is easy to see that the estate is declared against for an indebtedness of the intestate's,—the defendant being not the administrator but the estate.

APPEAL from disallowance by commissioners. Declaration in general assumpsit. Trial by jury, at the September term, 1898, Washington county, *Start*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

The plaintiffs sought to recover in the county court upon specifications as follows: "To building bridge $88.00, and grading $253.43, with interest from April 1st, 1893." Before commissioners they presented a claim for $30.00 only. Their evidence tended to show that the plaintiffs and the intestate prior to 1893 entered into a written contract to construct a main line side track from the yard of Charles Young so far as might be necessary to make a switch into the intestate's stoneyard; that there was an uncertainty as to how far this would be; that upon a settlement between the plaintiffs and the intestate, the latter paid to a point within twenty or thirty feet of a bridge; that the intestate then claimed this to be as far as it was necessary for him to go, but agreed that he would pay one-half the cost of the bridge and grading, amounting to $341.43, provided he used the bridge in order to make a switch into his yard; that he did subsequently find it necessary to use the bridge and grading and thereby became obligated as above; that he began to use it on or before April 1, 1893, and had intended to settle with the plaintiffs, but his last sickness

prevented; that the plaintiffs had negotiations with his administrator and talked with the commissioners upon the estate in regard to reducing their claim on condition that the bridge be no longer used to accommodate the estate, and in expectation of a compliance with this condition offered to reduce it to $30.00; that the plaintiffs' claim was the same as contained in the county court specifications, except a difference in the amount for the reason just stated; that the administrator refused to comply with the condition.

The defendant's evidence tended to show that the claim presented before the commissioners was for the rent of the bridge for a period of five years, at six dollars per year, and that before the bridge was used by Webster, the plaintiffs and Young and Webster, conveyed all of the road including the bridge to the Barre railroad.

*Fred L. Laird* and *Senter & Goddard* for the defendant.

*John W. Gordon* for the plaintiff.

ROWELL, J. One question was, whether the claim on which recovery was sought in the county court, though larger in amount and different in designation, was the same in substance as the claim presented to the commissioners, and the jury found it was. This finding is objected to, for that there was no evidence to support it. But such evidence is found in the testimony of both the plaintiff McDonald and the administrator. The testimony of McDonald, though confused and unsatisfactory, has that tendency, for he said, in substance, that he told the commissioners that the claim he presented to them was based on the original agreement with the intestate to pay towards the bridge, and this was the basis of the claim in the county court. The administrator testified in answer to a plain question in chief, that the first time he knew the plaintiffs claimed that the estate should pay half the expense of the bridge was when the claim was presented to the commissioners. And although on further examination in chief he said he did not

understand the question and answered it differently, yet it was for the jury to say whether they would accept his explanation or believe what he said in the first place, which clearly tended to support the plaintiffs' contention, as did his further testimony, when he said that the plaintiffs had repeatedly offered to settle for $30 or less if he would release any right the estate had to further use the bridge; for, as far as appears, the estate could have no such right except under the agreement of the intestate to pay half the cost of its construction if it turned out, contrary to his expectations, that he needed to use it.

Young was a competent witness, as he was not a party to the contract in issue and on trial. Nor did his testimony tend to vary the written contract concerning the building of the side track and the bridge, as claimed, but only to show an independent contract subsequently made.

Stanyan was a competent witness, for an agent who makes a contract for and in the name of his principal, is not a party to that contract.

The question or statement of counsel, whichever it is, misrepresenting what a witness had just said, was at once rebuked by the court and withdrawn by the counsel. This caused the error if any there was.

The objection that the case is within the Statute of Frauds, as the testimony tended to show a contract for more than forty dollars, is not tenable, for here was no sale of goods, wares, nor merchandise. Nor is it before us whether the case is within the statute because the contract concerns an interest in land, for the exceptions do not raise that question.

A variance between the proof and the declaration is claimed, for that the proof showed a contract with the intestate, whereas the defendant is declared against, and it is said that the administrator is the defendant, and that therefore he is declared against for the debt of the intestate. But the administrator is not the defendant, but the estate.

The declaration alleges that the intestate was indebted to the plaintiffs in such a sum for such and such things, done and performed, paid out and expended, etc., for the defendant, etc. This, though inartificial pleading, saves a variance, which means a material difference, for it is easy to see that the estate is declared against for an indebtedness of the intestate's.

*Judgment affirmed and to be certified.*