FRANCIS E. SPEAR'S ADMR. *v.* MYRON G. ARMSTRONG AND JOHN W. ARMSTRONG.

May Term, 1912.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 21, 1912.

*Pleading—Amendment—New Cause of Action—Determination of that Question—Capacity of Parties—Evidence Outside Record—Findings—Conclusiveness.*

In determining whether an amended declaration is for the same cause of action as the original, the court may properly hear and consider evidence outside the record.

A finding on evidence outside the record that an amended declaration introduced no new cause of action is conclusive, unless the contrary appears on the face of the pleadings.

Where the original declaration described plaintiff as administrator of a designated intestate's estate, and consisted of only the common counts in general assumpsit, representing the alleged promises as

made to plaintiff rather than to the intestate, an amended declaration not describing plaintiff in any different character, but alleging as the cause of action a promissory note given by defendants to plaintiff's intestate, does not introduce a new cause of action.

GENERAL ASSUMPSIT. Heard at the June Term, 1911, Windsor County, *Butler,* J., presiding, on defendants' motion to dismiss the amended declaration for that it introduces a new cause of action. Motion overruled, on the finding, from evidence outside the record, that the original and amended declarations are for the same cause of action. The defendants excepted. The opinion states the case.

*William Batchelder* for the defendants.

*James G. Harvey* for the plaintiff.

HASELTON, J. This was an action of general assumpsit which came into the county court on appeal. The original declaration set up the plaintiff as George Messenger "administrator of all and singular the goods and chattels, rights and credits, which were of one F. E. Spear, deceased, at the time of his death, who died intestate." The original declaration was in the common counts only and the usual form was used without change, so that the promises counted on were represented as made to the plaintiff rather than to his intestate in consideration of an indebtedness of the defendants to the plaintiff rather than to his intestate.

In the county court on the entry of the appeal the plaintiff filed an amended declaration not setting up the plaintiff in any new or different character but alleging as the cause of action a promissory note given by the defendants to the plaintiff's intestate. The *ad damnum* in both declarations was the same.

The defendant Myron G. Armstrong objected to the filing of the new declaration and moved its dismissal on the ground that it was for a different cause of action than that set up in the original writ. Thereupon the court took testimony and from that determined that the original declaration was for the same cause of action as the amended one, and overruled the motion to dismiss. To this action of the court an exception was taken

by the defendant Myron and a bill of exceptions was signed and ordered to lie. At a later term the case was tried by jury on the amended declaration solely, and verdict and judgment were for the plaintiff.

The only question before us is whether the amended declaration was for a new cause of action.

In inquiring outside the record whether or not the two declarations were for the same cause of action the trial court took an approved course. *Davis* v. *Rutland R. Co.*, 82 Vt. 24, 28, 71 Atl. 724; *Lycoming Fire Ins. Co.*, v. *Billings*, 61 Vt. 310, 17 Atl. 715; *Boyd* v. *Bartlett*, 36 Vt. 9; *Hill* v. *Smith*, 34 Vt. 535, 541, 542.

So the finding of the court that the amended declaration introduced no new cause of action is conclusive, unless on the face of the pleadings we must, as matter of law, hold otherwise than as the trial court found. Sometimes, of course, the pleadings themselves must govern. *Brodek* v. *Hirschfield*, 57 Vt. 12; *Dewey* v. *Nicholas*, 44 Vt. 24; *Carpenter* v. *Gookin*, 2 Vt. 495, 21 Am. Dec. 566.

Here the amendment did not substitute a new party, for the plaintiff did not sue in his individual capacity but in his representative capacity, the capacity in which he seeks to recover in the amended declaration. The indebtedness in question is due from the defendant to the plaintiff in his representative capacity, and the conclusion of the original declaration to the damage of the plaintiff is sufficient. *Pope, Admr.* v. *Stacey*, 28 Vt. 96.

The original declaration and the amended declaration differ merely in their averments as to how the indebtedness to the plaintiff administrator arose. On all our authorities no new cause of action was introduced by the amended declaration, and the motion to dismiss it was properly overruled. *McDonald* v. *Webster's Est.*, 71 Vt. 392, 45 Atl. 895; *Lycoming Fire Ins. Co.* v. *Billings*, 61 Vt. 310, 17 Atl. 715; *Myers* v. *Lyon*, 51 Vt. 272; *Carter* v. *Hosford*, 48 Vt. 433; *Hill* v. *Smith*, 34 Vt. 535; *Boyd* v. *Bartlett*, 36 Vt. 9; *Allen* v. *Lyman*, 27 Vt. 20; *Flowers's Exr.* v. *Kent*, Brayt. 134.

A case entirely in point is *The Executors of the Duke of Marlborough* v. *Widmore*, 2 Strange, 890. There the plaintiffs declared on a promise to their testator and were allowed to amend by declaring on a promise to themselves. It would have

been all the same if the executors had declared on a promise to themselves and had amended by setting up a promise to their testator. This case has been cited with approval in this State in the well considered case of *Daley* v. *Gates,* 65 Vt. 591, 27 Atl. 193, which is authority here. The Marlborough case is better and more fully reported in Barnardiston than in Strange, and in Barnardiston it appears that the suit there was upon a promissory note, that the very question raised here was raised there, that on account of the importance of the question a decision upon it was postponed and that finally the Court declared their opinion to be "that the nature of the action would not be altered by the amendment" which was allowed. 1 Barn. K. B. 408, 418.

The motion to dismiss the amended declaration was properly overruled, and, the case having been tried upon its merits,

*Judgment is affirmed.*