BERT W. GREEN *v.* LEWIS I. LACLAIR.

May Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed October 18, 1915.

*Pleading—Joinder of Counts—Trover and Deceit—Conversion —Sale of Mortgaged Personalty by Mortgagor—Evidence— Competency—Remoteness—Exemplary Damages—Excessive Damages — Argument of Counsel — Comment — Failure to Testify.*

A count, alleging that plaintiff was induced to take a mortgage on certain horses by the knowingly false and fraudulent statement of defendant that one of the horses was free from incumbrance, is a count for deceit, although it alleges that defendant warranted the horse to be free of all claims, and so is properly joined with a count in trover.

A defective, but amendable, count for deceit is properly joined with a count in trover.

In trover by the mortgagee of a horse against the mortgagor for selling it without the consent of the mortgagee, *held,* on the evidence, that the validity of the mortgage, and whether the mortgagee consented to the sale of the horse, were questions for the jury.

Ordinarily the objection of remoteness of offered evidence is addressed to the discretion of the trial court, and so, on the issue of the value of a mare nine years old, it was not error to admit testimony of her value three months before the cause of action arose, where the record does not suggest that anything unusual happened to her within that period.

Rulings admitting evidence addressed to a count on which the exceptor had a directed verdict will not be considered on review.

In trover by the mortgagee of a horse against the mortgagor for sell-
ing it without the consent of the mortgagee, where the evidence
warranted a finding that the conversion was in reckless and
wanton disregard of the rights of the mortgagee, the question of
exemplary damages was properly left to the jury.

Exemplary damages can be awarded only because of the quality of the
very act on account of which plaintiff recovers, and so, in trover
by the mortgagee of horses against the mortgagor for selling
them without the consent of the mortgagee, it was error prej-
udicial to defendant to allow plaintiff's counsel, in argument to
the jury, and referring to a horse as to which the court had
withdrawn the case from the jury, to state that defendant took
the horse on a trip, on which the horse was supposed to have
died; that it would have been difficult to have found defendant
at a time the evidence showed him at a designated place; that de-
fendant then took a long trip extending from Maine to the
British Northwest, finally returning to his home, and to ask the
jury to give sufficient damages, so that fellows who give chattel
mortgages and then sell the property, or make famous trips, will
not be received with favor.

Allusion in argument to the failure of a witness to testify on a
designated point was improper if the witness was equally access-
ible to both parties, and the testimony that he would give equally
within the knowledge of both, but where the record does not show
how that was, but shows that the court instructed the jury to
disregard that part of the argument, error does not appear.

TROVER, with a count in deceit. Plea, the general issue.
Trial by jury at the December Term, 1913, Caledonia County,
*Fish,* J., presiding. Verdict and judgment for the plaintiff.
The defendant excepted. The opinion states the case.

*Simonds, Searles & Graves* for the defendant.

*F. W. Baldwin* for the plaintiff.

HASELTON, J. The declaration in this case was in two
counts. The first count was trover. The defendant claimed and
claims that the second was a count for breach of warranty, sound-
ing in contract, and that so there was a misjoinder. Before the
trial commenced the defendant moved the court to dismiss the

action on the ground of misjoinder; this motion was overruled and the defendant excepted. But the second count is case for deceit and not assumpsit, and so was properly joined with the count in trover. It sets out as the gist of the action that the plaintiff was induced to take a chattel mortgage upon certain horses by the false and fraudulent statement that one of the horses was free and clear of all incumbrance when in fact it was not, but was encumbered by a lien due and unpaid, "which was well known to the defendant" when he gave the mortgage to the plaintiff.

In the course of the count the defendant is spoken of in one place as warranting the horse to be free of all claims but the deceit is relied on. The defendant criticises the *scienter* as not sufficiently certain in its application, and in other respects. But however sound or unsound these claims may be, grant that they are all well-grounded, we still have, not a count in assumpsit, but a count in case for deceit, defective but amendable. *Ballard* v. *Greene,* 87 Vt. 94, 98, 88 Atl. 515; *Spear's Admr.* v. *Armstrong,* 86 Vt. 250, 84 Atl. 817; *Davis' Admx.* v. *Rutland R. Co.,* 82 Vt. 24, 71 Atl. 724. Our cases in which is considered the effect of omitting the *scienter* altogether are not in point.

The defendant raised or attempted to raise this question of misjoinder by a motion to dimiss made at the close of the evidence, and by a motion in arrest of judgment. But, as there was no misjoinder we do not discuss these motions nor the methods of taking advantage of a misjoinder. The court at some time ordered a verdict for the defendant upon the second count. Under the first count the plaintiff claimed on trial to recover for the conversion of a bay horse and a bay mare. Before the argument commenced, however, the court ruled that there was nothing for the jury under the claim of the conversion of the bay horse, and submitted to the jury only the issue of whether the defendant converted a bay mare, mortgaged to the plaintiff along with two other horses, by selling the mare to one Stanhope without the consent of the plaintiff.

At the close of the evidence the defendant moved the court to direct a verdict for him on the first count on the ground that, in the state of the evidence, there was nothing under that for the jury.

The defendant's contentions are that the evidence does not show that the plaintiff had a valid mortgage upon the bay mare

at the time of the alleged conversion and that it appears also that
his disposition of her was with the consent of the plaintiff.
With reference to this exception the transcript is referred to and
is to control, and it is sufficient to say that on the evidence the
question of conversion was for the jury.

Upon the question of the value of the mare at the time of
the conversion the plaintiff was permitted to testify, under ob-
jection and exception, to her value the last time he saw her
which was about three months before the conversion. This ob-
jection raised no other question than that of remoteness, and the
determination of that question ordinarily rests in the discretion
of the trial court. It so rested in this matter. The mare was
about nine years old, and the record before us suggests no unusual
happening as to her within the three months referred to. *Per-
kins* v. *Perley*, 82 Vt. 524, 74 Atl. 231; *State* v. *Barr*, 84 Vt. 38,
41, 77 Atl. 914, 48 L. R. A. (N. S.) 302; *Niles* v. *Central Ver-
mont Ry. Co.*, 87 Vt. 356, 360, 89 Atl. 629.

The defendant argues three exceptions to rulings admitting
evidence addressed to the second count only. As, however, a
verdict was directed for the defendant on that count we have no
occasion to review the rulings.

The questions of chief moment in this case relate to the
matter of exemplary damages.

The defendant excepted to a ruling of the court that there
was evidence in the case warranting the submission to the jury
of the question of exemplary damages at all. But the court did
not hold with the defendant in respect to this broad claim, and
we think the court was right.

The selling or otherwise trading off of mortgaged property
without the consent of the mortgagee is a matter of serious im-
port, and the jury might have found, from the transaction itself
and the circumstances attending it, that the conversion of the
bay mare was in reckless and wanton disregard of the rights of
the plaintiff, and if they so found they could in their sound dis-
cretion allow exemplary damages, although the action was trover.
*Picknell* v. *Felton*, 89 Vt. 51, 94 Atl. 104; *Downing* v. *Outer-
bridge*, 79 Fed. 931, 25 C. C. A. 244; *Harker* v. *Dement*, 9 Gill.
(Md.) 7, 52 Am. Dec. 670, 676; *Inman* v. *Ball*, 65 Iowa 543,
22 N. W. 666; *Blackmer* v. *Cleveland etc. R. Co.*, 101 Mo. App.
557, 73 S. W. 913; *Reamer* v. *Morrison Express Co.*, 93 Mo. App.
501, 67 S. W. 718.

But here the plaintiff's attorney, in his closing argument, commented, as will appear, upon a trip made by the defendant with the bay horse some three or four months after the conversion of the bay mare. It will be remembered that the court refused to let the plaintiff go to the jury upon the question of the conversion of the bay horse. But in the closing argument for the plaintiff his counsel proceeded to say to the jury that the defendant took the bay horse and went on a trip through towns and places named to one Chabot's in Canaan, taking along colic cure, and food for himself and horse, that then near the Canadian border the horse was supposed to have died, that it would have been difficult to find the defendant at the time the evidence showed he was at Chabot's, that the defendant then continued his trip, going by tote team and stage to Maine, thence to the British Northwest, and from there back to Maine, finally returning to his home in Sutton in this State, and that the jury ought to award sufficient damages so that the fellows who give chattel mortgages and then sell the property or go on famous trips will not be received with favor. Counsel for the defendant interrupted and objected to this line of argument as having nothing to do with the case as it then stood. The argument was defended as bearing on the truth of the defendant's testimony as tending to discredit it, and on that ground the court declined to interrupt the argument, and thereby ruled that it was proper, whereupon the defendant took an exception which was allowed.

Now it cannot be seriously contended that in talking about these performances of the defendant, and the death of the bay horse some three or four months after the conversion of the bay mare, which was the only conversion to be argued, counsel was simply seeking to discredit the testimony of the defendant. The language was plain. The jury were exhorted to award such damages as such fellows as the defendant ought to be mulcted in. But exemplary damages can only be recovered on account of the nature of the act, on account of which the plaintiff recovers as manifested by the act or the circumstances attending or characterizing it. *Hoadley* v. *Walton*, 45 Vt. 289, 292, 12 Am. Rep. 197; *Earl* v. *Tupper*, 45 Vt. 275, 288; *Roach* v. *Calbeck*, 64 Vt. 593, 597, 24 Atl. 989; *Moore* v. *Duke*, 84 Vt. 401, 408, 80 Atl. 194; *Buvois* v. *Roby*, 84 Vt. 465, 470, 80 Atl. 150.

The ruling of the court upon this argument was wrong.

The argument was prejudicial in its nature and there are indications that it was harmful. In declaring for the conversion of the bay mare and two horses the plaintiff had put his *ad damnum* at $300. Now, for the conversion of the bay mare alone, the jury, as the docket entries show, returned a verdict for the full amount of the *ad damnum*. There are indications that they had regard to the amount of the plaintiff's note secured on the animal converted, and two other horses, for their verdict considerably exceeded the amount of the note.

We cannot treat the argument and the ruling thereon otherwise than as harmful.

There was an allusion in the argument to the failure of a witness to testify on a given point. If the witness was equally accessible to both parties, and the testimony which he could give was as much within the knowledge of the plaintiff as of the defendant this allusion, or argument, was improper. *Sears* v. *Dowling,* 79 Vt. 334, 65 Atl. 90.

But it does not clearly appear from the bill of exceptions how this was, and the transcript is not referred to on this point. Besides, the court instructed the jury to disregard this part of the argument, and as the matter was left no error appears in respect to it.

Other exceptions were taken to the argument and the rulings thereon which are not sustained. Some of them relate merely to the vigor with which counsel discussed evidence that was proper for comment and drew fair inferences favorable to his client. In so far, the argument is to be commended rather than condemned.

The defendant took some exceptions to the charge of the court, and filed a motion to have the verdict set aside. The motion was overruled and the defendant excepted. The exceptions referred to in this paragraph raise no questions not already sufficiently considered, except one or two that are too clearly without merit to require consideration.

*Judgment affirmed except as to the question of damages. As to that question judgment is reversed and cause remanded.*