SMITH VAUGHN *v.* B. F. RUGG AND GEORGE DUNSMORE *v.* SAME.

*Pleading. Variance. New Cause of Action. Promissory Note. Surety.*

The word *surety*, appended to the signature of the maker of a promissory note, does not show the relation of the maker to the transaction wherein the note was given, to be such that he would not be liable thereon on a common count for money had and received, or for money lent, or for money paid out. Thus, where, under such counts, with specification describing such a note, to recover the amount thereof of a maker whose signature was so qualified, plaintiff sought to introduce the note in evidence, and, the note being excluded, filed a new declaration counting specially on the note, it was *held*, that the note did not on its face show a cause of action different from the one first alleged, that the note was therefore admissible, and that the new declaration, although unnecessary, was not improperly filed.

THE first of these causes was general assumpsit, with specification of a promissory note signed by one McAllister as principal, and the defendant as surety : plea, general issue, with notice of special matter. The cause came on for trial at the April Term, 1878, in Franklin County. The plaintiff offered the note in evidence, but the defendant objected to its introduction, for that he was surety only, and that the note was, therefore, inadmissible under the common counts. The court excluded the note, and the cause was continued. The plaintiff afterwards filed a new declaration counting specially on the note, which the defendant moved to dismiss, for that it was for a new and different cause. The court, ROYCE, J., presiding, overruled the motion *pro forma ;* to which the defendant excepted. The note read, " one year from date

. . I promise to pay," &c., and was signed as specified. The defendant objected to its admission in evidence for that it was joint, but " the court overruled the motion, and defendant excepted." Judgment for the plaintiff.

The second cause was also general assumpsit, entered at the April Term, 1878, in said county. The plaintiff sought to recover therein the amount of two joint and several promissory notes signed by the defendant as surety. The notes were set out on the back of the writ as the only cause of action. In vacation the plaintiff filed a new declaration, counting on the notes specially. The defendant moved to dismiss the new declaration, for that it was for a new and different cause ; but the court overruled the motion, *pro forma*, and rendered judgment for the plaintiff; to which the defendant excepted.

The two causes were heard together at this term.

*M. Buck*, for the defendant.

The notes were not admissible in evidence under the common counts. *Lapham* v. *Briggs*, 27 Vt. 26 ; *Sandford* v. *Norton*, 14 Vt. 228 ; *Wells* v. *Gavlin*, 3 Moore, 79 ; *Page's Admrs.* v. *Bank of Alexandria*, 7 Wheat. 35 ; Chit. Bills, 579.

The new declaration was for a new cause of action. *Carpenter* v. *Gookin*, 2 Vt. 495 ; *Emerson* v. *Wilson*, 11 Vt. 357 ; *Dean* v. *Swift*, 11 Vt. 331 ; *Dewey* v. *Nicholas*, 44 Vt. 24.

The specification should not be regarded as part of the declaration for the purpose of the subsequent pleadings. *Lapham* v. *Briggs, supra.*

*Wilson & Hall* and *Davis & Stevens*, for the plaintiffs.

The notes were all several as well as joint. Byles Bills, 18 ; *Hemmenway* v. *Stone*, 7 Mass. 58 ; 1 Daniel Neg. Inst. s. 94.

A promissory note is evidence under the common counts in a suit against the maker. *Emerson* v. *Baylies*, 19 Pick. 55 ; Byles Bills, 632 ; *Stephens* v. *Thompson*, 28 Vt. 77 ; *Lapham* v. *Barrett*, 1 Vt. 247. And a surety is an original maker so far as the payee is concerned, and liable the same as the other signer. *Hunt* v. *Adams*, 5 Mass. 358 ; *Bank of Newbury* v. *Richards*, 35 Vt.

281 ; *Dickerson* v. *Turner*, 15 Ind. 4 ; *Hamilton* v. *Starkweather*, 28 Conn. 138.

It must be conceded that the common counts are sufficient, if the defendant had the money. The affixing of the word *surety* would not necessarily import that the surety did not have the money, and here it does not appear that the surety did not have the money. The count for money paid, &c., is sufficient for a recovery against the surety, although he did not have the money. The most that he could claim would be that the money was paid to another at his request. *Austin* v. *Burlington*, 34 Vt. 506 ; *Bigelow* v. *Stilphen*, 35 Vt. 521 ; *Dart* v. *Sherwood*, 7 Wis. 523 ; *Laighton* v. *Lord*, 9 Fost. N. H. 257.

The additional count introduced no new cause of action and was properly allowed. The court will look beyond the declaration to see if it is in fact the same cause of action. Gen. Sts. c. 30, s. 41 ; 1 Smith Lead. Cas. 925, 926 ; *Boyd* v. *Bartlett*, 36 Vt. 9.

The fact that no recovery could be had without the amendment, is a cause for granting rather than refusing it. *Dana* v. *McClure*, 39 Vt. 197 ; and cases *passim*. Statutes allowing amendments have in the furtherance of justice received a liberal construction both in England and the United States. Byles Bills, 636 ; *Stephens* v. *Thompson*, 28 Vt. 77. In particular cases this rule has been extended, even so as to allow amendments introducing new and independent causes of action. *Tilton* v. *Cofield*, 3 Otto, 163 ; 1 Tidd Pract. 697, 698, 713.

The opinion of the court was delivered by

BARRETT, J. The word *surety* affixed to the name of the maker of a promissory note, does not show that he stands in such a relation to the transaction of giving it that he may not be liable to a recovery against himself on a common count for money had and received, or for money lent, or for money paid out. Hence, under those counts the note in the first instance would be admissible in evidence, and would warrant a judgment for the plaintiff. If the defendant would avoid the rendering of such judgment, he would need to show that in fact he did not have the money, that it was

not lent to him, that it was not paid out at his request. That defence would go to the merits of his liability upon the cause set forth in the counts. The objection, as it is taken in this case, goes to the question of *variance*, on the ground that the note on its face showed a different cause of action from that set forth in the declaration. Without saying whether a surety can be recovered against under said counts, where it is shown in defence that in fact he did not have any of the money, that it was not lent to him, and was not paid out at his request, it is clear that he might be recovered against under said counts where such defence was not maintained. It cannot be said, then, that the notes in these cases were not admissible in evidence as showing a *prima-facie* right of recovery under said counts. If so admissible, they constituted the cause of action for which the suit was brought, and a count declaring on them specially would be for the same cause of action. In this view, the allowing of the amendment would not be obnoxious to the objections made to it. This would be decisive against the defendant's exceptions.

It is proper to add that, under the views held by the court in the cases cited from the 34 and 36 Vt. in which Judge PECK drew up the opinions, as applicable to the cases now in hand, the amendments were properly allowed. The exceptions, and the exhibits referred to show that the cause of action designed to be recovered for in the suit as brought, was the notes in question, and that the defendant so understood it. The object of the amendment was to avoid an alleged technical obstacle to a recovery under the common counts for his liability on the notes. It was the same liability, whether enforceable under the common counts, or only enforceable under a special count. It differs from the case of *Dewey* v. *Nicholas*, 44 Vt. 24. In that case the subject-matter of the one count was not within the scope of the other. It was not a defective statement of an existing cause of action to be aided by an additional count; but it was stating a new cause of action that had not in any manner, defective or otherwise, been stated in the original declaration. The case of *Downer* v. *Shaw*, 3 Fost. N. H. 125, is an instance of amendment, that illustrates the difference and distinction just named. It was debt on judg-

ment in Vermont on a note. Doubt arising as to the validity of the judgment as a cause of action, a count in debt upon the note was allowed to be added by way of amendment. If, after suit brought and entered in court,.it had been found that the plaintiff could recover on the judgment declared on, but that he had a note not embraced in the judgment on which he wanted to recover, it would not have been permissible to add a new count on a note not embraced in the judgment. The discussion need not be further pursued.

*Judgment affirmed.*