LYCOMING FIRE INSURANCE CO. *v.* B. & D. C. BILLINGS.

*Amendment. Hearing on facts as to.*

Where the pleader in declaring upon a written instrument misdescribes it, he may by subsequent amendment correct the description, for such amendment does not introduce a new cause of action; and the trial court may, if necessary, hear parol testimony for the purpose of determining whether the instrument, and hence the cause of action, is the same.

This was an action in assumpsit to recover certain assessments on a premium note, given by the defendants to the plaintiff upon the issuing to them by it of a policy of insurance. The motion on which the exceptions arose was heard at the September Term of the Rutland County Court, 1888, Royce, Ch. J., presiding. The plaintiff excepted and the nature of the question raised appears in the opinion. The exceptions were passed to the Supreme Court for hearing and determination before final judgment, under R. L. s. 1390.

*C. W. Porter* and *P. R. Kendall*, for the plaintiff.

The court below refused to allow the amendment as a matter of law, and not as a matter of discretion. In this there was error. The amendment asked for falls within the rule as established by this court. Roberts' Dig. 27, par. 11 and 12; *Waterman* v. *Conn. & Pass. R. R. Co.*, 30 Vt. 614; *Skinner* v. *Grant*, 12 Vt. 456; *Boyd* v. *Bartlett*, 36 Vt. 14; *Dana* v. *McClure*, 39 Vt. 197; *Tillotson* v. *Pritchard*, 60 Vt. 94; *Tilton* v. *Cofield*, 93 U. S. 163; *Tiernan's Executors* v. *Woodruff*, 5 McLean U. S. Circuit Court Reports.

*Lawrence & Meldon* and *J. C. Baker*, for the defendant.

Upon the face of the pleadings the note counted upon in the original declaration is entirely different from that counted upon in the amendment. It is immaterial what the intent of the pleader may have been, unless that intent finds expression in his pleadings. *Dewey & Co.* v. *Nichols*, 44 Vt. 24; *McDermid* v. *Tinkham*, 53 Vt. 615; *Carpenter* v. *Gookin*, 2 Vt. 495.

The opinion of the court was delivered by

ROWELL, J. The original declaration counted upon an insurance premium note for $350, dated *July* 13, 1877, for value received in policy No. 109692, issued by plaintiff to defendants, payable at such times as plaintiff's directors might require agreeably to its act of incorporation. The declaration then went on and made the necessary allegations for the recovery of an assessment of 20 per cent on the amount of the note. The case standing for trial, plaintiff moved for leave to amend the declaration by filing new counts, which it presented, upon the note originally declared upon, describing it as dated *June* 13, 1877, and as originally given for $600, but afterwards, and before the assessment sought to be recovered, reduced by indorsements to $350, but otherwise declaring as in the original declaration; and offered to prove that the notes were identical. But the court refused to hear the proof, and as matter of law and not of discretion, overruled the motion, on the ground that the amendment asked for would change the cause of action.

In this there was error. Here was something on the record to amend by, and the court should have inquired whether in point of fact the proposed new counts declared upon the same cause of action as the original declaration; and in the prosecution of this inquiry it would not have been confined to an inspection of the papers merely, but could have gone outside of them if necessary in order to satisfy itself how the fact was. *Hill* v. *Carpenter*, 34 Vt. 535; *Boyd* v. *Bartlett*, 36 Vt. 9.

If the pleader intends to declare upon one cause of action, but in point of fact declares upon another; as, if he intends to declare upon one promissory note but declares upon another, there can be no amendment by declaring upon the note intended to be declared upon, without introducing a new cause of action, for there would be nothing on the record to amend by. But when the cause of action in fact declared upon is merely misdescribed, then there is something to amend by, and the court may in its discretion allow amendments on being satisfied that they are for the same cause of action.

This case as presented is one of misdescription of the instrument declared upon, and therefore the court might, in its discretion, have allowed the amendment asked for, and we think the identity of the causes of action sufficiently appears from the papers themselves; but if the court below was not satisfied by this, it should, in its discretion, have inquired further.

*Judgment reversed and cause remanded.*