JESSIE REED *v.* VERMONT ACCIDENT INSURANCE CO.

October Term, 1939.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed November 7, 1939.

*Stafford, Abatiell & Strafford* for the defendant.

*Lawrence & O'Brien* for the plaintiff.

MOULTON, C. J. The plaintiff is the beneficiary named in a policy of accident insurance, issued by the defendant company to Worth E. Reed, under the terms of which a certain sum of money was payable to her in the event of the death of the insured.

Trial was had without a jury, and a finding of facts was filed by the trial judge by which we are informed that the policy was issued on December 16, 1937, but lapsed for nonpayment of premium on April 1, 1938; that on or about June 23, 1938, the

504

defendant's agent wrote to Reed, informing him that the payment of $1.60 would cause the policy to be in force from that day until August 1, and directing him to send his receipt card which the agent would return to him; that on June 27 Reed mailed his receipt card and a money order for $1.60 to the agent; that at about 1:15 a.m. on June 28 Reed was injured in an automobile accident, from the result of which he died on July 6; that the letter enclosing the receipt card and the money order was not received by the agent until 9 a.m. on June 28; and that "It is my conclusion on the above findings that the deposit in the mail of the letter enclosing the premium, which was done on June 27th, was an acceptance by the company through its authorized agent of the premium. That therefore the insured was covered at the time of the accident above mentioned." Judgment was for the plaintiff, and the defendant excepted.

The only exception briefed is that it was error to render judgment for the plaintiff on the findings of fact; so the issue is whether the findings are such as to warrant the judgment, and we are not concerned with the question whether the findings have evidentiary support. *Mott* v. *Bourgeois,* 109 Vt. 514, 521, 1 Atl. (2d) 704; *Babcock* v. *Carter,* 102 Vt. 137, 138, 146 Atl. 250; *Crosby's Admr.* v. *Naatz,* 98 Vt. 226, 229, 126 Atl. 547. Therefore the defendant's claim that certain provisions in the policy prohibit its reinstatement for the period mentioned in the agent's letter, and forbid a waiver of its terms by the agent, cannot be considered, since the policy is not recited in, or made a part of, the findings. For the same reason the numerous references to the transcript and exhibits, made by the defendant in its brief, in support of its contentions, must be disregarded. Neither the transcript nor the exhibits are before us.

We must, moreover, construe the findings so as to support the judgment, if it can reasonably be done. *Gardner* v. *Gauthier,* 101 Vt. 147, 149, 141 Atl. 682; *Reed* v. *Hendee,* 100 Vt. 351, 354, 137 Atl. 329. Where the evidence is not before us, we cannot assume that the findings are without its support. *Vermont Marble Co.* v. *Eastman,* 91 Vt. 425, 456, 101 Atl. 151.

It is the general rule that the payment of an insurance premium is not effected until actual receipt by the company; but where the insurer or its authorized agent so requests or directs,

the deposit of the premium in the mail is sufficient to complete the contract. *Bailey* v. *Sovereign Camp, W. O. W.*, 116 Tex. 160, 286 S. W. 456, 47 A. L. R. 876, 881, and cases cited in annotation, 47 A. L. R. 886 *et seq.*

Thus, in *Tayloe* v. *Merchant's Fire Ins. Co.*, 9 Howard 390, 398, 400, 13 L. ed. 187, 191, the defendant's agent wrote to the plaintiff: "Should you desire to effect the insurance, send me your check payable to my order for $57.00 and the business is concluded." In accordance therewith the plaintiff mailed his check to the agent, but before it was received the loss occurred and the defendant refused to issue the policy. In a proceeding in equity to compel the payment of the loss, the court held that: "an offer under the circumstances stated, prescribing the terms of insurance, is intended and is to be deemed a valid undertaking on the part of the company, that they will be bound, according to the terms tendered, if an answer is transmitted in due course of mail, accepting them; and that it cannot be withdrawn, unless the withdrawal reaches the party to whom it is addressed before his letter of reply announcing the acceptance has been transmitted. * * * On the acceptance of the terms proposed, transmitted by due course of mail to the company, the minds of both parties have met on the subject, in the mode contemplated at the time of the entering the negotiation, and the contract becomes complete." And in *Calvin* v. *U. S. Mut. Acc. Assoc.*, 66 Hun 543, 21 N. Y. S. 734, 735, the defendant wrote to the plaintiff that it would reinstate his lapsed policy if he would remit his check for $4.00. The plaintiff did so, and sustained an accident before the letter reached the company. It was held that the deposit of the premium in the mail was an acceptance of the offer of reinstatement; that the word "remit" meant to "send back" and was an implied direction to transmit the payment by mail; and that the contract of insurance was complete upon the mailing of the letter containing the check. To the same effect are *Krebs* v. *Security Trust & Life Ins. Co.*, C. C., 156 Fed. 294, 296; *Mutual Reserve, etc., Assoc.* v. *Tuchfield*, 159 Fed. 833, 839; *Palmer* v. *Phoenix Mut. Life Ins. Co.*, 84 N. Y. 63, 71; *Kenyon* v. *Knights Templar, etc., Assoc.* 122 N. Y. 247, 25 N. E. 299, 303; *Primeau* v. *Nat. Life Assoc.*, 77 Hun 418, 28 N. Y. S. 794, 797, aff. 144 N. Y. 716, 39 N. E. 858;

*Hallowell* v. *Life Ins. Co.,* 126 N. C. 398, 35 S. E. 616, 617; *Travelers' Ins. Co.* v. *Brown,* 138 Ala. 526, 35 So. 463, 464.

*Johnson & Co.* v. *Central Vermont Railway Co.,* 84 Vt. 486, 499, 79 Atl. 1095, cited by the defendant, is not in point here, since there was no showing of an agreement to transfer title to the merchandise in question upon the mailing of a check in payment of the draft attached to the bill of lading. It was held that there was nothing in the case to alter the general rule that the check did not operate as payment until it was received.

In the present case the defendant contends that the agent's letter was not an offer to reinstate the policy to be accepted by the deposit of the specified amount in the mail, and, if it were so, that the offer was not accepted within a reasonable time.

■ Apart from what is claimed with regard to the terms of the policy, which, as we have seen, is not before us, it does not appear to be denied that such an offer was within the authority of the agent to make. It is argued that all the letter amounted to was a request that Worth Reed should send his receipt card to the agent, and that the statement that the sum of $1.60 would put the policy in force was not a request to send the money. But the trial court did not so construe it, and, we think, correctly. The sending of the receipt card alone, without the money, would have had no effect. The plain import of the letter, taken as a whole, was that if the premium and the receipt card should be mailed together, the insurance would be renewed. The act of Worth Reed in compliance therewith completed the contract of insurance, and it was in force at the time of his injury.

■ The claim that the offer was not accepted within a reasonable time is not briefed otherwise than by a bare statement to that effect. This is, of course, inadequate to present the question. *Bean* v. *Colton,* 99 Vt. 45, 47, 130 Atl. 580; *Dailey* v. *Town of Ludlow,* 102 Vt. 312, 315, 316, 147 Atl. 771. Aside from this, although there is no specific finding that the time was reasonable, we will, in support of the judgment, assume that the trial judge inferred such fact from the other facts found, since all reasonable intendments are in favor of the judgment. *Travelers' Ins. Co.* v. *Gebo,* 106 Vt. 155, 162, 170 Atl. 917, and cas. cit. Certainly, it cannot be said as matter of law that the interval between the receipt of the letter, the time of which does not appear, and the reply to it was unreasonable.

■ The defendant also urges, as a reason why the insurance was not in force, that the unpaid premiums that accrued during the lapse of the policy were not paid. In the absence of the policy, however, this claim is unavailing.

On the record presented error is not made to appear, and the entry is

*Judgment affirmed.*