## Appliance Acceptance Co. v. Edward W. Stevens et al

[160 A.2d 888]

March Term, 1960

Present: **Hulburd, C. J., Holden, Barney and Smith, JJ.**

Opinion Filed May 3, 1960

*William F. Kissell* and *Tony F. Kissell* for the defendants.

*Russell A. Clark, Jr.* and *Bernard R. Dick* for the plaintiff.

**Barney, J.** An earlier stage of this case was reported in 120 Vt. 255, 138 A.2d 309. This is an appeal following hearing on the merits. The defendants seek review of the trial court's findings of fact and judgment in favor of the plaintiff. Briefly stated, the recovery enforces against the defendants a note executed by them now held by the plaintiff.

■ ■ The plaintiff brought its action on the note by virtue of a declaration in contract on the common counts with a specification setting forth the note verbatim. At the trial, plaintiff proposed to amend by adding a second count declaring specially on the note and by amending the original specifications. Both the original declaration with its specifications and the offered amended declaration seek recovery on an indebtedness now owned by the plaintiff originally running to "Foodmaster of Keene, Inc." The note evidencing the obligation was set out as payable to "Foodmaster of Keene, Inc." in the original specifications, and plaintiff's motion to amend would change the payee to "Foodmaster of Keene, N. H." in accordance with the reading of the original note, as shown by the copy attached to the proposed second count. The defendants objected to the amendments on the grounds that the additional count required new defenses and that the change in payee amounted to the substitution of a new obligation, amounting to the institution of a new cause of action. The amendments were allowed and defendants were granted exceptions. Adding a count by amendment to plead specially a note originally declared on as a specification under common counts has long been permissible procedure. *Vaughn* v. *Rugg*, 52 Vt. 235, 238. Further, the amendment was not the substitution of a new cause of action if it was merely a correction of a misrendering in the pleadings of the very instrument being sued upon. *Lycoming Fire Insurance Co.* v. *Billings*, 61 Vt. 310, 312, 17 A. 715. The court was authorized to go outside the record to satisfy itself that this was such a correction, and, in the absence of a record, we will presume it did so. *Lycoming Fire Insurance Co.* v. *Billings*, *supra*, at page 311; *Davis' Admx.* v. *Rutland Railroad Company*, 82 Vt. 24, 29, 71 A. 724. Nothing has been produced in this Court to indicate that allowing the amendments introduced a new subject of controversy, therefore defendants' exceptions are not sustained. *City Electrical Service & Equipment Co.* v. *Estey Organ Co.*, 116 Vt. 435, 437, 77 A.2d 835.

The defendants claim that the jurisdiction of the trial court over the litigation had expired prior to the rendition of

judgment on September 9, 1959. The cases cited in support of this proposition rely on a statute which was subsequently amended in 1929 to the present 4 V. S. A. §119, which provides:

> "Whenever the presiding judge or the judges of a county court have begun the hearing of a cause on its merits at a stated term thereof or in vacation after a stated term, he or they may finish such hearing and render judgment therein at any time before the opening of the second stated term thereafter."

This matter was heard during vacation of the December Term, 1958, of Windsor County Court. The next term of that court was the June Term, 1959. It was during vacation of this June term that the judgment was rendered, prior to the commencement of the December Term, 1959. The compliance with the terms of the statute are so apparent as to require no further comment.

■ In their appeal defendants express concern because, they say, there is nothing in the record of the proceedings to indicate any disposition of count one of the amended complaint. An examiniation of the complaint as amended discloses that both counts seek to recover money due on account of a single transaction. One count declares on the transaction itself, the other declares on the evidence of the indebtedness created by the transaction, the note. A judgment in this action disposes of all rights of recovery based on the note or the transaction giving rise to it, as between the parties to the litigation. *Stark* v. *Crowell*, 117 Vt. 413, 416, 94 A.2d 585; *Johnson* v. *Wells-Lamson Quarry Co., Inc.*, 103 Vt. 475, 479, 156 A. 681, 77 A. L. R. 492. The defendants' contention in that regard is without merit.

■ As appealing parties the defendants have the burden of demonstrating error in the rulings to which their exceptions or other right of review apply. Theirs is the responsibility of producing a record before this Court that substantiates their position. *Canfield* v. *Hall*, 121 Vt. 52, 56, 147 A.2d 886; *Ricci* v. *Billings*, 119 Vt. 453, 457, 128 A.2d 754;

*Bilodeau & Co.* v. *Reed*, 119 Vt. 342, 347, 126 A.2d. 118. The burden of providing an adequate record as set out in our cases has become even more meaningful in the light of the newly enacted 12 V. S. A. §2385. That statute, in effect at the time of this appeal, makes the transcript controlling in this Court's determination of whether findings are supported by the evidence, as well as for review of questions saved by appropriate and timely objection. It also provides that the Court may review the evidentiary support for findings without reference to the raising of that question below. These provisions are implemented by 12 V. S. A. §2390 which provides that, in the absence of agreement between the parties or order by appropriate authority, the entire transcript shall be typewritten where it is required for the review of questions raised on appeal.

The simplification of the formal aspect of appeals has increased the responsibilities of appealing parties with respect to the content of the appellate record and briefs passed up to this Court. With few exceptions, the briefs and record perform the office of designating the questions to be reviewed on appeal. It is the burden of the party challenging a ruling to furnish the reviewing court a transcript of the proceeding involved. The purpose is to prevent injustice being worked against the party prevailing below on the ruling in question. To omit to incorporate into the record on appeal the transcript of applicable testimony and proceedings without authorization is to forfeit review of questions requiring reference to the transcript. Since nothing in the record of this case discloses any consent by either the plaintiff or the presiding judge to proceed without a transcript, it would appear that the defendants unilaterally elected to ignore the provisions of 12 V. S. A. §2390 and forego a transcript. They have thereby denied themselves the right to have reviewed in this Court those issues that necessitate resort to a transcript for their resolution.

■ Defendants set out in their brief exceptions to twenty-two of the twenty-seven findings. In each case the ground of insufficient evidence to support the findings is put forward. The evidence must be before us to determine its sufficiency to

support the findings, as we have seen.   Where there is a failure to supply the evidence, evidentiary support for the findings will be presumed, and exceptions on the ground of insufficiency of that evidence to support findings will be unavailing.   *Reed* v. *Vermont Accident Insurance Co.*, 110 Vt. 501, 504, 9 A.2d 111.   Defendants' exceptions to the findings under consideration here cannot be sustained.

During argument the consequences of appealing without a transcript were a matter of comment and defendants stated that they sought to show error only as it could be affirmatively established from the record before the Court.   Reference was had to the pleadings, exhibits, findings and judgment order.

Part of defendants' argument revolved around the physical attributes of the exhibited note.   They pointed to the variation between the payee named as "Foodmaster of Keene, N. H." and the first endorsement signed by   "Foodmaster of Keene, Inc."   They also pointed out the striking out of "Claremont National Bank, Claremont, N. H." as the place of payment and insertion of "Union National Bank of Lowell, Lowell, Mass." instead.   The first, they say, demonstrates a defect in the chain of title to the note and the second a material alteration of the note.   Whatever implications may be drawn from the mere appearance of the exhibit, the findings show that testimony was received in explanation.   Whatever that evidence was, it persuaded the trial court that "Foodmaster of Keene, N. H." was merely an imperfect rendition of the name of the corporation, "Foodmaster of Keene, Inc."   It also satisfied the court that no one was misled thereby and that the change in the place of payment and cancelling of an endorsement to the Claremont bank did not occur under circumstances amounting to a material alteration.   Without a transcript of this evidence, we are bound to assume the finding is supported by the evidence.   *Reed* v. *Vt. Accident Insurance Co.*, *supra*, 110 Vt. 501, 504, 9 A.2d 111.   The exceptions are not sustained.

■   The defendants challenge the finding that the plaintiff was a holder in due course of the note in question.   The

plaintiff replies that factually the finding is immaterial and its legal consequences may be disregarded if the other findings do not support it. If the owner of a note owns it other than as a holder in due course, his right of recovery will be subject to all defenses originally available to the maker unless the manner in which he acquired title gives him exemption from the rule under the statute. Plaintiff does not claim the benefit of the exemption here. 9 V. S. A. §429.

■■ The findings establish ownership of the note in the plaintiff, and affirmatively show that there are no defenses available to the defendants as makers. These facts are among the few to which defendants took no exceptions whatever. In the context of the case the finding relating to holder in due course is meaningless. It is not a prerequisite to recovery that the owner of a note be a holder in due course. The presence of an unwarranted finding that does not relate to an essential element of the case is no basis for reversal. *Blanchard* v. *Knights*, 121 Vt. 29, 32, 146 A.2d 173; *Latchis* v. *State Highway Board*, 120 Vt. 120, 126, 134 A.2d 191.

■ Having considered all the exceptions properly presented for review, we find that the defendants have advanced nothing that requires the overturning of the findings or the invalidating of the judgment. This determination is strengthened by rules of policy requiring construction of findings of fact to support a judgment, if reasonably possible. *Anton* v. *The Fidelity & Casualty Co.*, 117 Vt. 300, 304, 91 A.2d 697. Therefore, defendants take nothing by their exceptions.

*Judgment affirmed.*

Note: Mr. Justice Shangraw took no part in this decision.