*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-391

APRIL TERM, 2011

| | | |
|---|---|---|
| Valerie Gadreault | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Washington Unit, |
| | } | Family Division |
| | } | |
| Raymond R. Gadreault | } | DOCKET NO. F174-7-10 Wnfa |

Trial Judge: Brian J. Grearson

In the above-entitled cause, the Clerk will enter:

Defendant appeals pro se from final relief from abuse order. He contends: (1) complainant's allegations that he engaged in violent and stalking behavior were false; (2) his due process and other constitutional rights were violated when he was not granted a continuance, allowed to question complainant and call witnesses, or afforded a jury trial; and (3) the order violated the Second and Fourth Amendments of the United States Constitution by requiring that a law enforcement officer remove all weapons from the parties' home. We affirm.

On July 6, 2010, complainant filed a complaint for relief-from-abuse alleging that defendant had been abusive, threatened to kill her, and choked and hit her. The court issued a temporary order that day, and scheduled a hearing for July 15, 2010. Defendant filed a motion to modify the temporary order on July 8, 2010, which the court indicated it would address at the final hearing. The docket entries show that a final hearing was held on July 15, 2010, and that the parties were present. The court issued a final order that day, finding that defendant had attempted to cause complainant physical harm and placed her in fear of imminent serious physical harm, that there was a danger of further abuse, and that defendant represented a credible threat to the physical safety of complainant. The order required that defendant refrain from further abuse, threats, or harassment; not contact complainant in any way; remain 300 feet away from complainant, her residence, place of employment, and motor vehicle; and remove his personal effects from the parties' residence in the company of a law enforcement officer, who was authorized to remove any weapons in the home. This appeal followed.

As noted, defendant has raised numerous claims on appeal contesting the reliability of the evidence in support of the order, the constitutionality of the process he was afforded at the hearing, and the constitutional validity of portions of the order. Defendant did not order or provide the Court with a transcript or recording of the hearing, however, rendering it impossible for the Court to examine the evidence or the hearing procedures in question, or to determine that the various claims on appeal were properly raised below and preserved for review on appeal. It is the appellant's burden to provide a record sufficient to show that he preserved the claims raised on appeal and to allow informed review of those claims, and to omit a transcript necessary for this review is to forfeit the claims. See State v. Synnott, 2005 VT 19, ¶ 25, 178 Vt. 66 (declining to consider argument because defendant failed to produce a record showing alleged

error); <u>State v. Gadreault</u>, 171 Vt. 534, 538 (2000) (mem.) (holding that defendant's failure to produce transcript demonstrating that he preserved issue for review precluded review on appeal); <u>Appliance Acceptance Co. v. Stevens</u>, 121 Vt. 484, 488 (1960) ("To omit to incorporate into the record on appeal the transcript of applicable testimony and proceedings without authorization is to forfeit review of questions requiring reference to the transcript."). Accordingly, we discern no basis to disturb the judgment.

<u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Brian L. Burgess, Associate Justice