*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-012

AUGUST TERM, 2011

| | |
|---|---|
| Highridge Condominium Owners Association<br><br>    v.<br><br><br>James Haff, Mary Keenan-Half and<br>J & H Holding Corp., Inc. | APPEALED FROM:<br><br><br>Superior Court, Rutland Unit,<br>Civil Division<br><br>DOCKET NO. 717-9-08 Rdcv<br><br>Trial Judge: William D. Cohen |

In the above-entitled cause, the Clerk will enter:

This is a timber trespass action in which defendant James Haff is appealing an order of the Rutland Superior Court, Civil Division, awarding plaintiff Highridge Condominium Owners Association a $17,366 judgment. We affirm.

At all relevant times, defendant was the secretary, and his wife was the president and sole shareholder, of J & H Holding Corporation. Between the fall of 2006 and the spring of 2007, defendant cut down approximately fifteen trees on undeveloped land across the road from property upon which the corporation had built a house. In April 2008, plaintiff filed a complaint against Haff, his wife, and J & H Holding Corporation, alleging counts in timber trespass, negligence, and unjust enrichment. In July 2010, following an evidentiary hearing that took place over three days in January and February 2010, the trial court dismissed all three counts with respect to defendant's wife and all but the timber trespass count against defendant. Defendant appeals, arguing that (1) the court should have directed a verdict against plaintiff based on plaintiff's failure to prove that it owned the property upon which he cut trees; (2) the court's judgment should be reversed due to plaintiff's failure to bring into the case a necessary party to resolve the question of who owned the subject property; (3) the damage award was not supported by any evidence; and (4) he should have been dismissed from the case and found not liable because his conduct in cutting the trees was done solely on behalf of the corporation.

With respect to the first two issues raised by defendant, we conclude that informed appellate review is impossible because of defendant's failure to order a transcript of the day of the hearing at which plaintiff presented key evidence in support of its position that it—and not Killington, Limited, as defendant believed—owned the subject property. See V.R.A.P. 10(b)(2) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion."); see Appliance Acceptance Co. v. Stevens, 121 Vt. 484, 488 (1960) ("It is the burden of the party challenging a ruling to furnish the reviewing court a transcript of the proceeding involved. . . . To omit to incorporate into the record on appeal the transcript of applicable testimony and proceedings without authorization is to forfeit review of questions requiring reference to the transcript."). Plainly, we cannot review defendant's directed-verdict claim of error without transcripts that include all of plaintiff's

evidence on the question of ownership of the subject property. See Brueckner v. Norwich Univ., 169 Vt. 118, 122 (1999) (noting that under V.R.C.P. 50, "a trial court considers the evidence in the light most favorable to the nonmoving party, excluding the effect of any modifying evidence") (quotation omitted). As for defendant's claim that Killington should have been included in the case to resolve the question of ownership of the subject property, the trial court determined that the preponderance of the evidence demonstrated that plaintiff had met its burden of showing it was owner of the property for purposes of satisfying 13 V.S.A. § 3606 (providing that party injured by cutting of trees may obtain damages). Killington was certainly aware of the case, as it had employees testify concerning their interactions with defendant, and yet they did not seek to intercede on the question of ownership of the property. This is not a case, as appellant claims, in which Killington's absence prevented the court from fashioning a complete remedy for the controversy. To the contrary, as the trial court indicated in response to defendant's motion to alter or amend the judgment, no additional parties were needed to answer the question of whether plaintiff proved its claim against defendant.

Next, defendant contends that there was no basis in the evidence for the court to arrive at a $750-per-tree figure to calculate damages. We conclude that the evidence was sufficient to support the award. Plaintiff's expert testified that the replacement value of each tree, depending on species and size, would be roughly $3000. The court made findings on the record as to the type and number of trees cut, and then assessed $750 per tree, approximately one-quarter of the figure cited by plaintiff's expert, because the trees that had been cut were in poor health, were not located on residential property, and did not affect anyone's view or peaceful enjoyment of the property. We may uphold the damage award on this record. See Shahi v. Madden, 2008 VT 25, ¶ 16, 183 Vt. 320 (upholding damage calculation that required "extrapolation" in timber trespass case, noting that "[d]ifficulty in calculating damages with precision does not defeat a jury award").

Finally, defendant argues that the trial court should have dismissed him from the case because he acted solely on behalf of the corporation. This argument is unavailing because, as the trial court noted, entry of judgment against defendant was based on his personal and direct participation in the tort, not on any theory of piercing the corporate veil. See Lavalete v. Noyes, 124 Vt. 353, 356 (1964) (holding that trial court's findings indicating defendant's direct involvement in wrongful cutting of trees "were legally sufficient to establish the defendant's liability for trespass as a principal"); see also Restatement (Second) of Agency § 348A (1958) ("An agent who enters the land of another is not relieved from liability for trespass by the fact that he acted on account of the principal and reasonably believed that the principal had possession or the right to possession of the land, or the right to authorize the agent to enter.").

Affirmed.

BY THE COURT:

_____
Denise R. Johnson, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Brian L. Burgess, Associate Justice