*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-240

MARCH TERM, 2012

| | | |
|---|---|---|
| Michael Rinaldo | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Bennington Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Bennington Self Storage | } | DOCKET NO. 366-9-10 Bncv |

Trial Judge: John P. Wesley

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals from the superior court's judgment in favor of defendant with respect to a dispute over defendant's notice of its intent to sell plaintiff's possessions stored at its facility and defendant's counterclaim for past due rental payments. We affirm.

Because we do not have a transcript of the proceedings below, we are left to piece together the apparent factual background based on plaintiff's and defendant's representations in their briefs, as well as admitted exhibits transferred from the trial court. Apparently the parties executed a contract in November, 2009 for rental of defendant's storage unit to plaintiff. The contract gave defendant the right to access plaintiff's storage space upon three days notice and, in an emergency, "to enter the premises without notice to Occupant, and take such action as may be necessary or appropriate to preserve the premises, to comply with applicable law or to enforce owner's rights." The first page of the contract also stated in bold capitals as follows:

> **NOTICE OF LIEN: PURSUANT TO VERMONT STATE LAW, YOUR PROPERTY IS SUBJECT TO A CLAIM OF LIEN FOR UNPAID RENT AND OTHER FEES AND CHARGES. IF RENT, FEES AND OTHER CHARGES DUE REMAIN UNPAID YOUR PROPERTY MAY BE SOLD TO SATISFY THE LIEN.**

The legal basis for this notice is 9 V.S.A. § 3904, which grants the owner of a self-storage facility a possessory lien on all personal property stored at the facility for rent, labor, or other charges incurred in connection with the property, "and for expenses relevant to its preservation or expenses reasonably incurred in its sale pursuant to this chapter." See 9 V.S.A. § 3905(5) (allowing sale of personal property with specified conditions).

In the spring of 2010, Defendant apparently sent plaintiff a letter dated April 23, 2010 stating that his rent was past due and that if defendant did not receive payment within twenty days, plaintiff's property would be inventoried and sold at a public auction. Defendant sent plaintiff a second notice in a letter dated May 28, 2010 stating that his property would be

inventoried and sold at a public auction to occur on or later than September 24, 2010 at ten o'clock in the morning. On September 22, 2010, plaintiff filed a summons and complaint and sought injunctive relief in the superior court. Plaintiff's pleading reflects that he disputed the April, 2010 claim for back rent, and accordingly challenged defendant's actions that flowed from the claim, including late fees, denying plaintiff access, and charging plaintiff costs associated with the storage for the period when access was denied. The following day, the court enjoined defendant from selling any of plaintiff's property prior to a hearing on his request for a preliminary injunction.

On October 14, 2010, defendant filed an answer to the complaint and a counterclaim for back rent, future rent, and fees associated with the rental. On October 27, 2010, plaintiff moved for a default judgment, arguing that defendant's answer was one day late.

Following a hearing on the record, on November 8, 2010, the superior court issued an order denying plaintiff's motions for a temporary restraining order and for a default judgment, and extended the time for plaintiff to file a response to defendant's counterclaim. With respect to plaintiff's request for a temporary restraining order, the court stated that its findings of undisputed fact and conclusions of law made on the record at the hearing demonstrated that plaintiff had "failed to establish the likelihood of success on the merits, or any danger of immediate irreparable injury which could not adequately be compensated by monetary damages."

The superior court held a bench trial on May 2, 2011, after which the court dismissed plaintiff's claims and awarded judgment for defendant for $1560 in damages, $78 in costs, and statutory interest.

Plaintiff appeals from that judgment. Plaintiff's principal brief consists solely of a two-page "statement of issues" containing twenty separately numbered statements, most of which set forth alleged facts rather than legal issues. Unfortunately, plaintiff did not order a transcript of either the hearing on his request for a preliminary injunction, at the conclusion of which the court set forth findings and conclusions, or the trial on the merits of the lawsuit. When an appellant makes arguments that require the court to review the transcript in order to make an informed decision, the appellant must provide the transcript; when an appellant does not provide a transcript, the appellant cannot win on the basis of any arguments with respect to which a transcript is necessary. See Appliance Acceptance Co. v. Stevens, 121 Vt. 484, 488 (1960) ("It is the burden of the party challenging a ruling to furnish the reviewing court a transcript of the proceeding involved. . . . To omit to incorporate into the record on appeal the transcript of applicable testimony . . . is to forfeit review of questions requiring reference to the transcript."); see also V.R.A.P. 10(b)(2) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion."). This principle implicates our analysis of the various issues plaintiff raises in his brief.

Plaintiff claims that defendant violated the law by removing plaintiff's lock and replacing it with its own lock. As noted above, under certain circumstances, the owner of a self-storage facility has a possessory lien in the property stored in a storage unit in order to secure rent, other charges relating to the property, and expenses associated with preserving and selling the property. 9 V.S.A. § 3904. In some circumstances, this lien includes a right to deny access, to charge reasonable expenses for preserving the property pending sale, to advertise the property for sale, and to sell it. Id. §§ 3904, 3905. The trial court apparently concluded that on the basis of the evidence in this case, defendant was entitled to invoke such a lien and associated rights. In

order to reverse the trial court's judgment on the basis of plaintiff's argument that defendant did not have the legal authority, we would have to determine that the court's findings were not supported by the evidence, that its conclusions were not supported by its findings, or that it otherwise abused its discretion. Omega Optical, Inc. v. Chroma Technology Corp. 174 Vt. 10, 18(2002) ("The standard of review [where appellant reargues the evidence on appeal] is a determination whether the court's findings of fact are supported by the record and whether those findings reasonably support its conclusions." (citation omitted)). Because plaintiff has not provided us with a transcript, we cannot make that assessment, and plaintiff has forfeited this argument. Appliance Acceptance Co., 121 Vt. at 488.

Similarly, plaintiff challenges the underlying claim that he was in arrears when defendant first began taking actions to collect, as plaintiff paid his rent at the beginning of each month and had paid for the month of April. He also argues that he paid the arrearage on May 3, thereby bringing his account current. Based on the trial court's statements in its denial of the temporary restraining order, and on its ultimate judgment for defendant, the trial court apparently concluded that the evidence supported defendant's position. Plaintiff has forfeited our review of these questions which turn on an assessment of the evidence presented below and the trial court's findings. Id.

Plaintiff appears to argue that defendant's first notice of the claimed arrearage and intent to act on its lien did not comply with the statutory requirements for such notices. Plaintiff has not clearly pointed us to the statutory requirement that the notice does not meet, and we have not identified any way in which it is noncompliant.

Finally, we decline to consider claims raised for the first time in plaintiff's reply brief, not only because they were not raised in his principal brief, see Bigelow v. Dep't of Taxes, 163 Vt. 33, 37 (1994) ("It is a basic rule of appellate procedure that issues not briefed in the appellant's or appellee's original briefs may not be raised for the first time in a reply brief."), but also because most if not all of them could not be resolved without a transcript.[*] We note,

---

[*] Plaintiff argues in his reply brief that because defendant was not properly registered as a business entity with the Vermont Secretary of State during the time plaintiff rented his storage unit, defendant had no legal right to charge rental fees and the contract between the parties was void. Although plaintiff doesn't expressly make this argument in his main brief, we briefly address the argument because he does in that brief mention that MSR Holdings LLC is listed as the owner of Bennington Self Storage on the contract between the parties. We can't squarely reach plaintiff's argument because we don't have a transcript of the hearing and any on-the-record discussions of this issue. However, we note that although 11 V.S.A. § 1634 precludes a business entity from "institut[ing] any proceedings in this state for the enforcement of any right or obligation" unless it registers before filing a complaint, that provision does not prevent an unregistered business entity from entering into valid contracts. Rather, that statute provides that before pursuing its claims in court, a business entity must register with the Secretary of State. See 11 V.S.A § 1634 (business entity cannot institute proceedings "unless it shall, prior to the issuance of the original return or complaint therein" register and pay the registration fee); see also Enosburg Grain Co. v. Wilder, 112 Vt. 11, 13 (1941) (statute requiring business entity registration "is regulative in nature, and does not render the transaction illegal, in the sense of being void, but affects only the remedy"). The record on appeal does include defendant's admitted exhibit documenting its registration with the Secretary of State, and that October 14, 2010 registration coincides with defendant's filing of its counterclaim. Even if plaintiff established that defendant was not registered pursuant to section 1634 until the time it filed its counterclaim, defendant would be entitled to pursue its counterclaim for rent and fees.

however, that plaintiff has failed to demonstrate that the superior court abused its discretion by denying his motion for a default judgment and allowing defendant to file an answer one day late. Plaintiff does not claim prejudice, and default judgments are disfavored. See Desjarlais v. Gilman, 143 Vt. 154, 158-59 (1983) (stating that "the rules relating to default judgments should be liberally construed in favor of defendants, and of the desirability of resolving litigation on the merits, to the end that fairness and justice are served").

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice