*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-222

APRIL TERM, 2012

| | | |
|---|---|---|
| Robert Christian | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Rutland Unit, |
| v. | } | Family Division |
| | } | |
| Karen Lawton | } | DOCKET NO. 626-12-09 Rddm |

Trial Judge: Cortland Corsones

In the above-entitled cause, the Clerk will enter:

Husband appeals pro se from a final judgment of divorce. He contends the trial court erred in: (1) dividing the marital property; (2) awarding wife spousal maintenance; and (3) ordering the sale of certain tools and equipment. We affirm.

The trial court's findings may be summarized as follows. The parties were married in October 1987 and separated in December 2009. They have one adult child, who was living with wife in a one-bedroom apartment in Rutland at the time of the divorce proceedings. Husband continued to reside in the marital home, a large house situated on 98 acres in Pittsford. Husband, who was 60 years old at the time of the final hearing, is skilled in construction. Wife, who was 54 years old, has training and experience in interior design. Their primary employment during the marriage was building and renovating houses.

In 2006, the parties opened an ice cream shop in a barn on a previously subdivided 3.2-acre commercial portion of the property. Wife invested about $150,000 in the business from an inheritance. Husband suffered a significant injury later that year, and has been unable to work since that time. Without husband's labor the business failed and the shop closed in August 2007. At the time of the divorce proceeding, husband was receiving weekly temporary total disability workers' compensation benefits of $1070. The trial court found that husband would continue to receive such benefits for a significant period of time, and thereafter would be eligible for permanent disability benefits. Husband had also received a $40,000 vocational rehabilitation settlement, which he planned to use to obtain a degree in design and management. At the time of the final hearing, wife had taken an entry-level job at a drug store earning about $9 per hour, and was receiving food stamps and fuel assistance.

Shortly before their marriage, the parties signed an antenuptial agreement which provided that, in the event of divorce, they would waive any right to spousal maintenance and divide equally all of the marital assets. The parties signed another agreement, or "final stipulation," in October 2009, a few months before the divorce complaint was filed. The stipulation provided for sale of the Pittsford property as seven subdivided lots, although it had not yet been

subdivided, and committed the parties to paying thousands of dollars for the subdivision with funds that they did not have. The court found that husband had dictated the terms of the stipulation and that wife had agreed to it under duress. The court noted, in this regard, that husband had been acting aggressively and verbally abusing wife during this period of time, and wife later obtained a final relief from abuse order against husband.

With respect to the parties' principal asset, the Pittsford property, the court concluded that the statutory factors supported an equal division of the proceeds of the sale. Although the court found that a subdivision was probably not realistic, it gave the parties until May 1, 2011 to accomplish any subdivision and list the property for sale on that basis, and thereafter ordered that it be listed for sale as one parcel.[1] The property was subject to two mortgages totaling about $275,000, and was listed for property tax purposes at $543,200. The court awarded any net proceeds from the sale of the 3.2-acre commercial portion of the property to wife, although the court noted that the property was mortgaged and under foreclosure and that the parties did not expect to receive any net proceeds. The court further awarded an equitable division of the parties' personal property, ordering the sale of their business equipment and tools and a fifty-fifty division of the proceeds. The court awarded husband his $40,000 vocational rehabilitation settlement from his workers' compensation case, as well as his expected future permanent disability benefit.

The court awarded wife spousal maintenance, finding that she lacked sufficient income to provide for her reasonable needs and that there was a substantial disparity in the parties' income, while also noting that wife was skilled in interior design and with additional time and training could get reestablished in her field. The court found that husband had a limited ability to pay maintenance because of the carrying costs of the marital real estate, but further found that his financial position would improve significantly once the property sold. Accordingly, the court awarded spousal maintenance to wife for a period of seven years, consisting of $100 per month until the property sold, and increasing to $1000 per month after the sale of either the property as a whole or the first parcel if subdivided.

In awarding the marital property and spousal maintenance, the court acknowledged that the antenuptial agreement purported, among other provisions, to waive spousal maintenance. The court concluded, however, that it would be unconscionable to enforce the agreement, noting that wife was earning very little and required public assistance simply to survive. In so ruling, the court relied on this Court's decision in Bassler v. Bassler, where we required "some level of unconscionability" to bar enforcement of an otherwise valid antenuptial agreement, observing that an agreement which would leave a spouse "a public charge or close to it, or which would provide a standard of living far below that which was enjoyed . . . during the marriage would probably not be enforced by any court." 156 Vt. 353, 361-62 (1991) (quotation omitted). The trial court also declined to enforce the stipulation, observing that it was "based upon a 7 lot subdivision that does not exist," would cost at least $70,000 in additional fees that the parties did not have, and was signed by wife "under duress." See Pouech v. Pouech, 2006 VT 40, ¶ 19, 180 Vt. 1 (recognizing trial court's authority in divorce proceeding to reject parties' stipulation "on

---

[1] Although the court's opinion gives the date as May 1, 2010, this was apparently a typo, and should have read May 1, 2011.

2

grounds that it was inequitable" as well as on the basis of "duress [or] unconscionable advantage").

Husband's pro se brief on appeal asserts the trial court erred in declining to enforce the parties' antenuptial agreement and the 2009 stipulation in dividing the property and awarding maintenance. Husband's one-page argument, however, contains only a few specific claims. Husband notes that both parties were represented by counsel and signed the antenuptial agreement voluntarily. The trial court here recognized these facts, but concluded that enforcement of the agreement would be unconscionable in light of wife's circumstances.

Concerning the stipulation, husband asserts that wife authored the stipulation and entered into it voluntarily, contrary to the court's findings that husband dictated its terms and that wife signed under duress. Husband's brief contains no specific citations to the record to support this claims, however, and we therefore discern no basis to disturb the findings. See In re S.B.L., 150 Vt. 294, 297 (1988) ("It is the burden of the appellant to demonstrate how the lower court erred warranting reversal. We will not comb the record searching for error."). Moreover, in order to evaluate whether the trial court's finding that wife signed under duress was supported by sufficient evidence in the record, we would need to review the transcript from the hearing. When a party appealing to this court makes arguments that require us to review the transcript in order to make an informed decision, that party must provide the transcript; if the appealing party doesn't order a transcript, he or she cannot win on the basis of any arguments with respect to which we need to review the transcript. See Appliance Acceptance Co. v. Stevens, 121 Vt. 484, 488 (1960) ("It is the burden of the party challenging a ruling to furnish the reviewing court a transcript of the proceeding involved. . . . To omit to incorporate into the record on appeal the transcript of applicable testimony . . . is to forfeit review of questions requiring reference to the transcript."); see also V.R.A.P. 10(b)(2) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion.").

Lastly, husband contends the court erred in ordering the sale of the equipment and tools. He has supplied two pages of wife's testimony at a pretrial hearing in which she concedes the entirety of the proceeds to husband. However, absent the transcript as a whole and, more significantly, the transcript of the trial proceedings which husband has waived, we are unable to find that the court's order lacked a factual basis. We note, moreover, that the court stated in its decision that the proceeds of the sale would provide an essential source of liquid assets for wife pending the sale of the real estate. We also note that husband challenged the award on the same basis in a post-judgment motion which the trial court denied. In its written ruling, the court explained that it had reviewed the pretrial hearing transcript, which showed that the parties were behind on their mortgage payments on the commercial property at the time and that wife had conceded the proceeds from the sale of the equipment to husband in order to save the property. In any event, husband did not sell the equipment or make the payments, and the property went into foreclosure. The court thus found that wife had not waived her claim against the property at the final divorce hearing. Husband has not challenged these findings on appeal. Accordingly, we find no error in the personal property award.

We note, finally, that husband's reply brief contests several statement in appellee's brief; none of the points that he raises undermines the trial court's essential findings and conclusions.

3

Husband also claims in his reply brief that the tools and equipment were largely his separate property which he hoped to leave to his other children, but the claim is unsupported by any citation to the record. Accordingly, we find no basis to disturb the judgment.[2]

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

---

[2] During the pendency of this appeal, husband filed a motion with the Court to enforce the provision in the final divorce judgment ordering the listing and sale of the Pittsford property. Husband's motion should be filed in the first instance in the trial court.