*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2013-299

NOVEMBER TERM, 2013

| | |
|---|---|
| Keri Streeter | } APPEALED FROM: |
| | } |
| | } Superior Court, Addison Unit, |
| v. | } Family Division |
| | } |
| | } |
| Trevor James | } DOCKET NO. 269-12-11 Andm |

Trial Judge: Helen M. Toor

In the above-entitled cause, the Clerk will enter:

Mother appeals the decision of the superior court, family division, granting father's motion to modify and awarding him sole legal and physical parental rights and responsibilities with respect to the parties' three children. We affirm.

The children of the parties, who divorced in June 2010, were born in October 2003, September 2005, and September 2007. The divorce order awarded mother sole legal and physical parental rights and responsibilities, with father receiving significant parent-child contact. Father filed a motion to modify parental rights and responsibilities in May 2012. The trial court ordered a forensic evaluation that was admitted into evidence. Following two merits hearings held in August 2012 and May 2013, the trial court granted father's motion to modify and awarded him sole legal and physical parental rights and responsibilities, with mother retaining significant parent-child contact. On appeal, mother argues that: (1) the court's judgment was the result of her having to represent herself, unlike father; (2) the court's decision was based mostly on the hearsay testimony of father and his wife; (3) father failed to present evidence to support his and his wife's testimony; (4) no evidence supported the court's findings that she had neglected the children's medical needs, that she had not engaged in family counseling, and that she belittled father and his wife in front of the children; and (5) events occurring since the court's decision demonstrate the error of that decision. Mother further contends that the court erred in concluding that father and his wife were more credible witnesses than her.

Mother's claims of bias and a lack of evidence to support the trial court's findings and conclusions cannot be evaluated because mother did not order video recordings of those proceedings. See V.R.A.P. 10(b)(1) (requiring appellant to order transcript of all parts of proceedings relevant to issues raised by appellant). By not ordering the video recordings, mother waived "the right to raise any issue for which a transcript is necessary for informed appellate review." Id.; see In re S.B.L., 150 Vt. 294, 307 (1988) (explaining that appellant bears consequences of failing to order transcript and that, without transcript, Supreme Court assumes that evidence supports trial court's findings); Appliance Acceptance Co. v. Stevens, 121 Vt. 484, 487 (1960) (stating that appellant has burden to demonstrate error in challenged rulings and thus

must produce record that substantiates appellant's position).  Appellant's claim of judicial bias appears to be based on nothing other than the fact that the court rendered a decision adverse to her position.  As noted, there is no record of the proceedings for us to determine if the court's decision or the challenged findings are supported by the evidence.  As for determining the credibility of the witnesses, that is solely within the province of the trial court.  See Knutsen v. Cegalis, 2011 VT 128, ¶ 13, 191 Vt. 546 (mem.) (stating that credibility determinations are solely within province of fact finder and are not considered anew on appeal).  Finally, the events that mother alleges occurred after the trial court rendered its decision are irrelevant as to whether the court's decision is supported by the record.  See Hoover v. Hoover, 171 Vt. 256, 258 (2000) ("[O]ur review is confined to the record and evidence adduced at trial.").

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Geoffrey W. Crawford, Associate Justice