*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-272

NOVEMBER TERM, 2013

| | |
|---|---|
| Amy Gibbons | }     APPEALED FROM: |
| | } |
| | }     Superior Court, Chittenden Unit, |
| v. | }     Family Division |
| | } |
| | } |
| Bradley Burns | }     DOCKET NO. 695-9-05 Cndm |

Trial Judge: Robert A. Mello

In the above-entitled cause, the Clerk will enter:

Father appeals pro se from the trial court's June 2013 denial of his motion to modify parent-child contact (PCC). He raises numerous arguments. We affirm the court's decision.

The record indicates the following. Mother and father have never married. They are the parents of a minor child who was seven years old as of January 2013. Father has been in and out of jail during the child's life. There have been numerous motions to modify and enforce parent-child contact filed since the court's original 2005 parentage order. In a January 2013 order, the court indicated that the parties had agreed that father, who was incarcerated, could have telephone contact with the child once a week. Father agreed to provide a phone for the child to receive his calls. In April 2013, father filed a motion to modify PCC. The court denied his request, finding no change of circumstances since the court issued its January 2013 ruling. In June 2013, father again moved to modify PCC. The court denied the motion in a June 2013 entry order, again finding no change of circumstances since the January 2013 ruling. Father appeals from the June 2013 decision.

Father raises numerous arguments on appeal. He suggests that the court engaged in gender bias because another court in a different case allowed a child to visit a mother in prison. Father also argues that the court's ruling does not maximize his parent-child contact or his physical interaction with the child. He maintains that no showing of changed circumstances is required before the court may modify an existing PCC order. Father raises other arguments about what evidence should be considered relevant in ruling on motions to modify, and how the court should assess such evidence. He identifies what he believes the law requires in terms of visitation.

Our review of the trial court's decision is limited. We defer to the trial court's ruling and will uphold its decision unless its discretion was exercised upon unfounded considerations or "to an extent clearly unreasonable" on the facts presented. Gates v. Gates, 168 Vt. 64, 67-68 (1998) (quotation omitted). Our review is limited to the evidence presented below. Hoover v. Hoover, 171 Vt. 256, 258 (2000) (stating that Court's review on appeal is confined to the record and evidence adduced at trial and that Court cannot consider facts not in the record). Father bears the

burden of showing how the trial court erred warranting reversal. In re S.B.L., 150 Vt. 294, 297 (1988). It is solely the province of the trial court to assess the credibility of witnesses and weigh the evidence. See, e.g., Cabot v. Cabot, 166 Vt. 485, 497 (1997).

To support his motion to modify, father needed to demonstrate changed circumstances. We have recognized that "[t]he burden of showing changed circumstances with respect to a motion to alter parent-child contact is 'not as high' as the heavy burden of showing changed circumstances with respect to a motion seeking a change of custody." Hawkes v. Spence, 2005 VT 57, ¶ 20, 178 Vt. 161 (quoting Gates, 168 Vt. at 68). Nonetheless, "there is a threshold to be satisfied and the burden is heavy." Gates, 168 Vt. at 68, 716 A.2d at 797.

In this case, the court found no change in circumstances since the January 2013 order. While father argues that the court erred in reaching this decision, he did not order a transcript to support his claim. Our rules require an appellant to produce a transcript of all parts of the proceeding below that are relevant to the issues the appellant raises on appeal. See V.R.A.P. 10(b)(1). Having failed to order a transcript, father waived any challenges to the evidence. In re S.B.L., 150 Vt. at 297-98; see also Appliance Acceptance Co. v. Stevens, 121 Vt. 484, 487 (1960) (stating that appellant has burden to demonstrate error in challenged rulings and must, therefore, produce a record that substantiates appellant's position). This includes father's arguments about the type of evidence that should be considered by the trial court in ruling on a motion to modify. Because father failed to satisfy the threshold requirement of changed circumstances, no modification of the order was appropriate. We thus do not consider father's arguments that additional contact would be in the child's best interests.

Father's remaining argument is unpersuasive. The fact that a different court, in a different case, may have allowed a mother to have visitation in prison does not demonstrate bias; each case must be determined on its own facts. See In re Wildlife Wonderland, Inc., 133 Vt. 507, 513 (1975) (noting presumption that "all evidence bearing upon issues considered by the trier was heard with impartial patience and adequate reflection," and stating that "[a] decision contrary to the desires of a party does not denote bias"). Father fails to show that the court abused its discretion in denying his motion to modify.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Geoffrey W. Crawford, Associate Justice

2